ELIZABETH J. B. WILTON

*v.*

WILLIAM TAZWELL.

86    29
e103a³180

86    29
114a  ²654

1. DEBTOR AND CREDITOR — *without party's consent.* The general rule is, that one person can not create another his debtor without the consent of that other; but, like other general rules, it has its exceptions, one of which, in equity, is between tenants in common.

2. TENANTS IN COMMON — *contribution.* Where tenants in common or joint owners hold property incumbered or burdened in such a manner as to endanger the title, either of the owners may take up the outstanding title, remove the incumbrance, or make advances to preserve the property from destruction, and compel the other owners to contribute their share of the cost in proportion to their interest therein.

3. Where one tenant in common of lands subject to dower, not assigned, and the widow's right of homestead, procures their release at a reasonable price, and the other tenant in common avails of such release, he must contribute his proper share of the cost of extinguishing such outstanding rights. The party claiming an equality of benefit in such case must submit to an equality of burden.

APPEAL from the Circuit Court of Kane County; the Hon. HIRAM H. CODY, Judge, presiding.

Messrs. BOTSFORD & BARRY, for the appellant.

Mr. J. W. RANSTEAD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case that James Tazwell died, in the year 1871, seized of the real estate involved in this litigation. He left surviving him Euphemia, his widow, and James and William Tazwell, and Elizabeth J. B. Wilton, his only children and heirs at law. In 1874 James sold to William his interest in the lands and the latter thereby became invested with two-thirds of the title. But the premises were subject to the dower and homestead rights of the widow, which had not been allotted to her. In September, 1874, William and Elizabeth filed their petition for partition against their mother as defendant.

On the 24th of that month, whilst the suit was pending, William purchased and received a conveyance from the defendant of her dower and homestead interest in the land. He paid therefor the sum of $1,500. He thereupon asked and obtained leave to amend his petition, which he did by setting up the purchase, dismissing his bill as to his mother, and making his co-petitioner defendant, and offering to permit her to share in the benefits of the purchase by contributing her proportion to the purchase, and prayed that if she refused he be reimbursed one-third of the outlay, by decree of the court, and for general relief.

A hearing was had on proofs by both parties under the pleadings, and an account was taken of rents, profits, taxes, and improvements. The court found that $1,500 was the reasonable worth of the widow's dower and homestead, and that Elizabeth should contribute $500 towards the purchase thereof. And, on the statement of the whole account, it was found that Elizabeth owed William $376.56, and the court decreed that she pay him that sum, and made it a lien on her share of the land ; and decreed that partition should be made of the premises, two-thirds to William and one-third to Elizabeth, and appointed commissioners to make partition under the decree. From that decree Elizabeth appeals.

It is urged that the court erred in decreeing that appellant should contribute, in the proportion of her interest in the

premises, to the release of the widow's dower and home-stead, because it is claimed that the dower and homestead are not such incumbrances on the premises as one tenant in common may extinguish, and compel a co-tenant to con-tribute to the cost thereof; nor to use it in any mode against his co-tenant, as the release of the widow conveyed no in-terest, but simply extinguished her claim, and the extin-guishment inured to the benefit of the owners of the fee according to their several interests therein.   That to in any manner give force to the release against the co-tenant would be to render appellant a debtor of appellee without her consent.

We shall notice the last objection first, and discuss the first two together as one, they being so nearly the same that we deem it more convenient to treat them as one.

As a general rule, one person can not create another his debtor without the consent of that other.   But, like most general rules, it has its exceptions.   In equity it has always constituted an exception where tenants in common or joint owners hold property, incumbered or burdened in such a manner as to endanger the title by which they hold the prop-erty, and either of the owners may take up the outstanding title, remove the incumbrance, or make advances to pre-serve the property from destruction, and compel the other owners to contribute their share of the cost in proportion to their interest therein.   And some cases go the length of holding that where one tenant in common improves the property so as to render it more productive or valuable, if the improvements thus made can not be allotted to him on partition, the others must contribute in proportion to the benefit their shares may derive therefrom.   See *Louvalle* v. *Menard*, 1 Gilm. 39 ; *Howey* v. *Goings*, 13 Ill. 108 ; *Dean.* v. *O'Meara*, 47 id. 120 ; *Kurtz* v. *Hibner*, 55 id. 514. And other cases might be cited to sustain the rule.   Thus it is seen that in this class of cases a co-tenant may have a burden or liability imposed upon him without his consent.

Nor can he, by refusing to aid in the payment of taxes, or

removing an incumbrance or acquiring an outstanding title that endangers their title, escape liability. So of money necessarily expended to preserve the property and keep it in repair.

But appellant insists that there should be made a distinction between the purchase of an incumbrance that from its nature is calculated to destroy the title of the tenants in common, or an outstanding title of that character, and such an one as can never have that effect. That a term of years, a tenancy for life, a claim or estate of dower, or a homestead right must, from their inherent nature, terminate, and can never endanger the fee, and should not, therefore, be held to be such an incumbrance as one tenant in common may purchase and compel a co-tenant to contribute to pay for its extinction. If appellee had purchased a life estate, dower already admeasured, or a term of years, it may be that he could have held and enjoyed such an estate until it expired, and enjoyed it as could his grantor, unless appellant had tendered her proper proportion of the purchase money, as the law would presume the purchase was made for their mutual interest; but that question is not before us, and we deem it unnecessary to discuss or determine it until it is properly presented.

Nor can we say what would have been held had appellant declined to avail of the benefits growing out of the removal of these claims, and an offer to permit appellee to occupy and enjoy the property, as could their mother had she never sold to appellee. This was not offered; but appellant claims the benefit of the extinction of these claims, and if she claims and holds an equality of benefit therefrom she must submit to an equality of burden. This is a rule of equity that has always been applied in such cases. Appellee, by this purchase, did not acquire title, but extinguished the claim for dower and homestead. This court has held, through a long series of years, that dower, until it is assigned, is but right of action and not assignable, but may be extinguished by a release to the owner of the fee. This

being so, under the pleadings in this case, appellant, having thus received the benefit of the release, must contribute her porportionate share of the money necessary for its extinction. There is no complaint that appellee paid too high a price for the release of these claims. Nor is there any objection urged that in stating the account too large a sum has been found against appellant, if she is liable to contribute. We are, therefore, clearly of opinion that, as the question is presented by the pleadings in this case, appellant should contribute to paying for the removal of these incumbrances. The decree of the court below is correct, and it must be affirmed.

*Decree affirmed.*