## LUCETTA S. STOOKEY

*v.*

## JAMES M. STOOKEY *et al.*

1.  DOWER—*right as against heir taking by deed.* There is no difference in the legal effect of a conveyance to a stranger for a valuable consideration, and one to a child for a good consideration, as regards the right of the grantor's widow to dower in the premises conveyed. In assessing the value of her dower, in such case, she will be confined to the improvements on the land at the time of the conveyance, although, after the conveyance, the grantor may have erected a house on the premises with his own means.

2.  PRACTICE—*specific objection to evidence.* If the admission of evidence is objected to because no foundation is laid in the pleadings, as in an answer, the objection must be specific and not general, so as to afford an opportunity to obviate it by amendment. It can not be specifically urged here for the first time.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Plaintiff in error, the widow of Samuel Stookey, deceased, filed her bill in the circuit court, alleging that she was married to Samuel Stookey in 1870; that at that time he owned in fee a certain lot in the town of Belleville, and that in 1872 he conveyed the same by deed to the defendants in error, his children, and that they still own the same in fee; that she did not release her dower right in the same, and that in 1875 Samuel Stookey died; that afterward, in October of that year, the complainant demanded of the owners of the fee that her dower be set apart to her, which they refused, and she asks that the same be assigned or its value assessed.

The defendants in error filed answers admitting the allegations of the bill, and united in the prayer that the value be assessed. It was agreed that the property was not capable of partition, and by consent, a jury was called to assess the annual value of her dower interest, and her damages accrued in lieu of dower, from the time of the demand.

On the trial, complainant proved that there were two houses upon the property at the time of the death of Samuel Stookey and at the time of the trial, one an old house, and one a new one; that the value of the dower in the old house was $58 a year, and in the new one was $120.

It further appeared from the proofs, that at the time of the conveyance of the property to defendants in error, it was done for the purpose of dividing this and other property among the children of the grantor, and for no valuable consideration, and that at the same time the grantor took from the grantees an instrument in writing by which he had a right to enjoy the rents and profits of the property for his natural life, he assuming the payment of all taxes and repairs.

Defendants then offered to prove that the new house was built by their grantor after the execution of the deed to them. To this, complainant objected, but the proof was admitted, and she excepted. The witness also testified that the grantor, when building the new house, said that he was building it for his children.

Upon this proof, the annual value of the dower interest of complainant was assessed at $58 by the jury. A motion made by complainant for a new trial was denied, and judgment was given upon the verdict, and for damages at that rate from the time of the demand for dower by complainant. Complainant sues out this writ of error.

Messrs. C. W. & E. L. THOMAS, for the plaintiff in error.

Messrs. G. & G. A. KŒRNER, for the defendants in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is insisted, that upon the facts, the complainant was entitled to dower in the premises, in the condition in which they were at the time of the death of her husband, and this, upon the position that defendants in error took as heirs and not as purchasers. We can not sustain this position. It may be that

to each child was conveyed the precise share of the property which it would have inherited in absence of the conveyance, and in absence of any change in the condition of the property. Their father chose to give them the property by deed, rather than by will, or by inheritance, and he must be taken to have intended to accomplish the legal effect attendant upon the conveyance. We perceive, in this regard, no difference in principle between the legal effect of a conveyance to a stranger for a valuable consideration and a conveyance to a child for a good consideration.

Again, it is objected, that, under the pleadings, this proof was not admissible. It would undoubtedly have been more appropriate had this partial defense been set up in the answer of defendants in error. The objection to the proof was not placed specifically upon this ground. Had that point been made directly, the answer might have been amended, and the objection thus obviated. The objection, on account of a variance, can not be raised in this court for the first time. It is not necessary that we decide, and we do not consider here the question, whether or not such an objection would have been good if made in the court below.

The decree must be affirmed.

> *Decree affirmed.*