## MATILDA A. C. GRIFFITH ET AL.
### v.
## MARTHA M. ROBINSON.

1. CONTRIBUTION.—Where joint owners or tenants in common hold property incumbered or burdened in such a manner as to endanger the common title, either of the parties may make advances to protect the title, and compel contribution from the other owners in proportion to their interests in the common property.

2. RIGHT TO CONTRIBUTION—COMPENSATION FOR REMOVING COMMON BURDEN.—The right to contribution does not arise out of any contract or agreement of the co-tenants to indemnify each other, but on the principle of equity that where two or more persons are subject to a common burden, it shall be borne according to their several interests. Nor does it depend on the right to be subrogated to the rights of the creditor whose debts were paid. It is compensation given in equity for removing the common burden, and the proper forum in which to enforce it is a court of equity.

3. TENANTS IN COMMON—REAL ESTATE ORDERED TO BE SOLD FOR PAYMENT OF DEBTS OF DECEASED.—Claims against an estate had been allowed and there were no personal assets to pay them, and the county court by a valid order binding on all the owners in fee as tenants in common of the lands inherited from their deceased father, had ordered the land sold to pay these debts. To save said real estate from sale, the heirs, except appellee, paid off the allowances and costs in full, each paying his or her proportion thereof except appellee, who refused to pay any part of the same, and her *pro rata* share was paid by appellant, and a bill in equity was filed by appellant to compel repayment from appellee of her share. *Held*, that while the court is not prepared to say that a personal decree should be rendered against appellee, yet an account should be taken of the amount due from appellee with interest, and a decree entered subjecting her interest in the land to sale for the payment of the same, should she neglect to pay it within some short time to be fixed by the court.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed January 22, 1884.

Mr. WALTER SCOGGIN, for appellant; that the principle of contribution has been applied in the settlement of equities between heirs, cited Wilton v. Tazwell, 86 Ill. 29; Titsworth v. Stout, 49 Ill. 78; Kurtz v. Hibner, 55 Ill. 514; Stevens v. Cooper, 1 John. Ch. 425; Deltzer v. Scheuster, 37 Ill. 305;

Gardner v. Diederichs, 41 Ill. 171; Louvalle v. Menard, 1 Gilm. 45; 2 Washburn on Real Estate, 3d ed., 176.

Privity of contract is not necessary in such cases: Wilton v. Tazwell, 86 Ill. 29; Story's Eq. Jur. § 505; Campbell v. Mesier, 4 John. Ch. 334; Cheeseborough v. Millard, 1 John. Ch. 409; Bouvier Law. Dict., Title, Contribution.

Mr. A. McMurray, for appellee; as to the right of sub-rogation, cited Bishop v. O'Conner, 69 Ill. 431; Wilkes v. Harper, 1 N. Y. 593.

Higbee, J.   A bill was filed in the Circuit Court of Adams county, on June 22, 1882, by Matilda A. C. Griffith and A. G. Griffith, her husband, appellants, against Martha M. Robinson, appellee, alleging, in substance, that the said Matilda and Martha were sisters, the children of one Jesse Robinson, late of said county, who died July 6, 1879, intes-tate, leaving him surviving his said two daughters and cer-tain other heirs named in said bill; that they, their brother, Milus G. Robinson, and six children of a deceased brother, whose names are stated in the bill, were the only heirs of their deceased father, and as such, were the owners in fee as tenants in common of certain lands inherited from him, lying in said county; that letters of administration were granted on the estate of said intestate by the County Court of Adams county; claims in favor of the widow and creditors presented and allowed against the administratrix by said court to the amount of $———; the personal estate declared insolvent; a petition for leave to sell the real estate to pay said allow-ances was presented to said county court by the administra-trix, to which all the heirs, including appellee, were made defendants and duly served with process, and at the April term, 1882, an order of said court was made and entered of record, ordering the said administrator to sell said lands to pay said allowances and all costs and charges of said sale, or so much as was necessary for that purpose.   And thereupon, on the first day of June, 1882, to save said real estate from sale under said order, and to preserve the same for said heirs,

and to prevent further costs and expenses, the heirs of said Jesse Robinson, except appellee, paid off said allowances and costs in full, each paying his or her proportion thereof, except appellee, who failed and refused to pay any part of the same, and her *pro rata* share was paid by the appellant, Matilda A. C. Griffith, amounting to the sum of $———. That appellee, although requested, refused to repay the same or any part thereof. The bill prays that appellee be required to repay the share paid for her to relieve the lands from the common charge, and that the same be made a lien on her interest in the land, and for such relief as she may be found entitled to on the hearing of the bill.

A demurrer was filed and sustained to the bill, which was dismissed, and the record brought to this court by appeal, and errors assigned upon the rulings of the circuit court in sustaining the demurrer and dismissing the bill.

It is a familiar principle in equity, that where joint owners or tenants in common hold property incumbered or burdened in such a manner as to endanger the common title, either of the parties may make advances to protect the title and compel contribution from the other owners in proportion to their interests in the common property. This doctrine has been applied to the payment of taxes, mortgages, judgments, liens, mechanics' liens, and to purchasing in outstanding titles. And in the case of Wilton v. Tazwell, 86 Ill. 29, it was applied to the purchase of a homestead and a widow's right of dower, not assigned, by one tenant in common, the others having availed themselves of the benefits of the purchase, upon the principle that the party claiming an equality of benefit must submit to an equality of burden. The right to contribution in equity applies with equal force to the payment of every claim or incumbrance by one joint tenant or tenants in common, which would, if not satisfied, defeat the common title, when the whole claim must be satisfied before the interest of either can be protected.

The application of these well understood principles of equity to the case made by the bill before us, leaves no doubt in our minds that Mrs. Griffith was entitled to contribution

from appellee. The claims had been allowed, there were no personal assets to pay them, and the county court, having complete jurisdiction over the subject-matter and the parties, by a valid order binding on all the tenants in common, had ordered their land sold to pay these debts. This was a charge upon the entire property, which could not be removed in parts. Nothing short of the payment of the whole of the allowances and costs, to pay which the land was ordered to be sold, would prevent a sale of the entire title, from which there was no redemption. To protect the estate from this threatened sale, appellant, Mrs. Griffith, not only paid her *pro rata* share, but that of appellee, who now claims an equality of benefits in the common estate and must submit to an equality of burden.

The right to contribution does not arise out of any contract or agreement of the co-tenants to indemnify each other, but on the principle of equity, that where two or more persons are subject to a common burden, it shall be borne according to their several interests. Nor does it depend on the right to be subrogated to the rights of the creditor whose debts were paid. It is compensation given in equity for removing the common burden and the proper forum in which to enforce it is a court of equity. 1 Story's Equity Juris., Secs. 483-4 and 505.

We are not prepared to say that a personal decree should be rendered against appellee, but an account should be taken of the amount due from her with interest, and a decree entered subjecting her interest in the land to sale for the payment of the same, should she neglect to pay it within some short time to be fixed by the court.

Decree reversed and cause remanded.