ALEXANDER R. CHESNUT, JR., ET AL.

V.

THOMAS J. CHESNUT ET AL.

1. RELINQUISHMENT OF DOWER—CONSTRUCTION OF INSTRUMENTS—PATENT AMBIGUITY.—Appellant, an heir, authorized appellees (one of whom was an heir and the other the husband of an heir for whom he was acting) to compromise and obtain the widow's relinquishment of dower not yet assigned and homestead in the estate in which they were interested. Accordingly for $6,500 paid by appellees, two instruments were executed. The one was a full and perfect release of all the widow's rights, including the right of dower, to the heirs and devisees who had such an interest in the property as to render the release valid; the other was a quitclaim deed from the widow to appellees releasing her rights of dower and homestead. Appellant refused to contribute his share, on the ground that the instruments were inoperative for the purpose of releasing the right of dower to the heirs and devisees. Held, that the two instruments were executed at the same time and relate to the same subject and must be construed together, and if there is a patent ambiguity which may reasonably be construed in two ways, one of which would effectuate the intentions of the parties, and the other defeat them, the former construction should be adopted; that under the contract, in the absence of all fraud and unfair dealing, appellant is liable for his share.

2. DOWER—LEGAL AND EQUITABLE INTEREST.—Where a father in the lifetime of his first wife made a parol gift of a tract of land to his son upon the condition that he would improve the same and reside upon it, and the same being vacant the son moved upon it and resided there, making lasting and valuable improvements, and after his death his wife and child lived there and the father during the lifetime of his son recognized his right to it and promised from time to time to deed the same to him, but died without having fulfilled his promise. Held, that the execution of the agreement on the part of the son by the expenditure of money in improvements and the residence thereon was a sufficient consideration in equity to support the promise of the father to deed him the land and entitled him to a specific performance of the same, and that a second wife of the father would not be entitled to dower in such land.

3. CONTRIBUTION—TENANTS IN COMMON—DOWER.—The widow's right to dower, not assigned, is an incumbrance endangering the estate, and one tenant in common can compel contribution from another for extinguishing it.

4. INFANT—CONTRIBUTION.—The right to compel contribution, in equity, for protecting the common title, may be enforced as well against infants as adults, but the court will scrutinize the transaction closely to see that the interests of the infant are jealously guarded and properly protected.

Chesnut v. Chesnut.

APPEAL from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding. Opinion filed November 21, 1884.

Messrs. KIRBY & BROWN and Mr. I. R. BROWN, for appellants; that a court of equity would enforce specific performance of the agreement of testator to his son Nelson, cited Freeman v. Freeman, 39 N. Y. 34; Twiss v. George, 33 Mich. 253; Atkins v. Jackson, 8 Ind. 31; Davis v. Davis, 13 N. J. Eq. 246; Langston v. Bales, 84 Ill. 524; Bright v. Bright, 41 Ill. 97; Kurtz v. Hibner, 55 Ill. 514.

Where the legal title is in the husband and the equitable title in another at the time of the marriage, no right of dower attaches as against such equitable title: Firestone v. Firestone, 2 Ohio, 415; Dean v. Mitchell, 4 J. J. Marsh, 451; 2 Perry on Trusts, 2d Ed. § 322; Washburn on Real Property, 4th Ed. 204; Derush v. Brown, 8 Ham, 412; Green v. Green, 1 Ham, 249; Cooper v. Whitney, 3 Hill, 97.

Until assignment, the widow's dower is merely inchoate, and is not the subject of sale and transfer until it is allotted: Hoots v. Graham, 23 Ill. 81; Chicago Dock Co. v. Kinzie, 49 Ill. 290.

It is no defense to an action of dower, that the widow has released her right to a stranger: 2 Scribner on Dower, 2d Ed. 307; Pixley v. Bennett, 11 Mass. 298; Robinson v. Bates, 3 Met. 40; Littlefield v. Crocker, 30 Me. 192; Taylor v. Fowler, 18 Ohio, 557; Blain v. Harrison, 11 Ill. 384; Summers v. Babb, 13 Ill. 483; Gove v. Cather, 23 Ill. 634; Larter v. Walker, 2 Ohio, 337.

Messrs. MORRISON & WHITLOCK, for appellees; as to contribution among tenants in common, cited Chicago Dock Co. v. Kinzie, 49 Ill. 289; Titsworth v. Stout, 49 Ill. 78; Selb v. Montague, 102 Ill. 446; 106 Ill. 49.

HIGBEE, P. J.   A bill for partition was filed in the Morgan Circuit Court on the 25th day of January, 1882, by Mary A. Jones, John M. Jones, her husband, and Willard S. Chesnut,

an infant, by his guardian and mother, Sarah A. Chesnut, against Thomas J. Chesnut, Matilda Donavan, Alexander R. Chesnut Jr., and Emily Chesnut, alleging that one Alexander R. Chesnut Sr., died intestate as to the lands described, on the 23d day of June, 1880, the owner of certain lands in Morgan county known as the Rector farm, consisting of 252 acres. He left surviving him the said Emily Chesnut, his widow, Mary A. Jones, Thomas J. Chesnut, Alexander R. Chesnut Jr., and Matilda Donavan, his children, and Willard S. Chesnut, a grandson, his only heirs at law, to whom the said lands descended as tenants in common, subject to the said widow's right of dower.

Appellants, Alexander R. Chesnut Jr., and Willard S. Chesnut, the only parties who complain of the decree in this cause, each answered admitting the substantial allegations of the bill, and filed separate cross-bills, upon which issues were formed and tried, under which the questions presented for our decision arise.

From the cross-bills and the proofs in the record it appears that Alexander R. Chesnut Sr., died testate, in Morgan county, where his will was admitted to probate, and Thomas J. appointed sole executor of the same; that by his will said testator devised to each of his children and his said grandchild, certain lands in Logan and Morgan counties; that he acquired title to the Rector farm after the making of his said will and the same descended to his heirs as intestate property; that the said Emily, his widow, was a second wife, to whom he was married in 1868, after the death of his first; that they lived together unhappily, and finally separated several years before his death, at which time a divorce suit was pending between them; that soon after his death the said Emily instituted a suit in the Morgan Circuit Court against his heirs and devisees for the assignment of dower in all the real estate of which her husband died seized, and for the assignment of a homestead in the Rector farm, which suit was contested so far as it related to the homestead. She had also obtained in the county court a special award of something over $700, which had been sustained by the circuit court on appeal, from which

the executor had further appealed, and the same was pending when a settlement was made as hereinafter stated.   Soon after the death of the deceased, negotiations were entered into with the widow by Donavan, acting for his wife, Thomas J. and Alexander R. Jr., the said Wiliard S. being a minor, looking to a compromise and final settlement of all pending suits, and a relinquishment of all the rights of the widow to the heirs and devisees.   Pending these negotiations, Alexander R. moved to Minneapolis, but authorized Thomas J. and Donavan to make the compromise and obtain the widow's relinquishment whenever the same could be done, and agreed to pay his share of the purchase money.   In pursuance of this arrangement, Thomas J. and Donavan, in January, 1882, agreed with the widow upon the terms of a settlement by which all pending suits were to be dismissed and she was to relinquish all interest in the real and personal estate of her late husband, including homestead, dower and special award, for which they paid her in cash the sum of $6,500; and upon the receipt of the same she executed and delivered to them the two instruments in writing referred to in the bill as exhibits " A " and " B." The purchase was made and the money paid for the benefit of all the heirs and devisees, and so the court found on the final hearing, and by its decree declared the equitable amount to be paid by each, and then directed the executor to apply as a credit upon the whole amount due, the sum of $2,880.25 then in his hands, which had been received by him for rent of the intestate lands and decreed the balance due from each to be a lien on his or her interest in the lands held as tenants in common.

The first ground upon which a reversal is urged by appellants that we will notice is that the instruments in writing executed by the widow at the time of the compromise were inoperative for the purpose of releasing her right of dower in the lands; and that notwithstanding their execution the right of dower still remained in her, and appellants were subsequently compelled to and did purchase a release of said right of dower from her.

The argument in support of this position is that the effect of the two instruments executed by the widow was not to

release her right of dower to the heirs and devisees, but it was an attempt to convey the same to Thomas J. and Donavan, whose only interest in the lands was an ownership of an undivided one fifth in the former; and that a right to dower not assigned could not be conveyed to one not the owner, and therefore the only effect the instruments had was to release the widow's right of dower in the interest owned by Thomas J.

It is undoubtedly the law in this State that a right of dower not assigned is a mere inchoate right in the nature of a chose in action which can not be conveyed by the dowress to one not interested in the land. It can only be released to the legal or equitable owner or to some one having an interest in protecting the same. But we can not agree with counsel for appellants in the construction they give the instruments in question. Exhibit "A" is an agreement under seal in which Emily Chesnut, party of the first part, in consideration of $6,500 to her paid by Thomas J. Chesnut and Jefferson Donavan, parties of the second part, and of certain covenants to be by them kept and performed, "releases, sells, conveys and quitclaims to the heirs at law and devisees of Alexander R. Chesnut, senior, deceased, late of Morgan county, Illinois, all her right, title and claim of, in and to any and all right of dower and homestead in and out of the real estate of which he was entitled at the time of his death, and also all right or claim to her special dower or widow's award in said estate, and also all right in and to any distributive share of the personal estate of said decedent." It also provides that she shall dismiss two suits pending in the Morgan Circuit Court, and the parties of the second part another, and pay the costs in all three of them. Exhibit "B" is a quitclaim deed from the widow to Thomas J. and Donavan, in which in consideration of $6,500 paid by them she "remises, releases, sells, conveys and quitclaims to them and their heirs and assigns forever all her right, title and interest to the real estate in the counties of Logan, Mason and Morgan of which the late Alexander R. Chesnut, senior, died seized, and especially all rights of dower and homestead therein."

The oral evidence leaves no room to doubt that the compromise was made for the benefit of all the heirs, and this is equally clear from the very nature of the transaction. Donavan was acting for his wife. She and Thomas J. owned an undivided fifth each; the price to be paid for the widow's whole interest in the estate was $6,500; why should they pay the whole price, instead of two fifths, if they did not suppose they were acting for all? When read in the light of the circumstances surrounding the transaction, these instruments, however conflicting in terms, are not difficult of construction. The one was a full and perfect release of all the widow's rights, including the right of dower, to the heirs and devisees who had such an interest in the property as to render the release valid. The other was an attempt to release the dower to parties who had no interest in the land to which it could attach, except as to the undivided fifth owned by Thomas J.; and if, as is contended by appellants' attorneys, this instrument fails to release the widow's dower as to the remaining four fifths, then it is not in conflict with the other, for so far as it is valid, they are the same in effect as to the dower right. But independent of this both instruments were executed at the same time and relate to the same subject and must be construed together, and if there is a patent ambiguity which may reasonably be construed in two ways, one of which would effectuate the intentions of the parties, and the other defeat them, the former construction should be adopted.

It is next contended by appellant Alexander Chesnut Jr., that even if the release was valid and extinguished the widow's rights in his lands, that he did not authorize the purchase of the same and is not liable to contribution therefor. The evidence shows that Mrs. Jones, Mrs. Donavan, Thomas J., Willard S., and said appellant, were tenants in common of the intestate lands in which the widow of their deceased father was entitled to dower and homestead, and each of them, except Willard S., owned lands in severalty, devised to them by the will of their father, in which the widow was also entitled to dower.

This appellant, Thomas J., and Donavan, who was acting

for his wife, agreed that it was for the best interests of all the heirs and devisees to compromise the suits pending and procure from the widow a release of all her rights in all the lands and personal estate of their father, if it could be done on terms deemed reasonable.   With a view to such a settlement, negotiations were opened by them with the widow, and were pending when Alexander R. moved to Minneapolis; but he authorized the said Thomas J. and Donavan to continue their efforts to settle, and promised, in case they should succeed, that he would contribute his equitable share of the cost.   When they had effected the compromise with the widow, and the instruments had been executed by her, Thomas J. immediately notified him of the fact and of the terms of settlement and the amount he was expected to pay.   This letter he did not answer, but when afterward he returned to Morgan county he did not repudiate their authority to make the settlement, but objected only to the amount they required him to contribute as his part.   These facts were fully established by the evidence of Thomas J. and Donavan, both of whom were competent witnesses, and their testimony was strongly corroborated by other facts and circumstances established in the case, while the only evidence to the contrary is that of appellant, which stands alone and unsupported.   It is not necessary to determine to what extent, if at all, appellant would have been liable to contribution independent of the contract; for under it, in the absence of all fraud or unfair dealing, his liability can not be questioned.

There is a variance between the allegations of the bill and the proofs as to the effect of the instruments in writing above considered; and the bill is further defective in not sufficiently setting out the agreement between Alexander, Thomas J. and Donavan in reference to the purchase, but as these defects can be obviated by amendment, and the case has been considered at length in the briefs of both parties on its merits, we have thought it best to decide the questions presented.

It is contended by appellant, Willard S., that the court erred in charging him with the value of the dower in the N. W. quarter of Sec. 30, T. 21, N., R. 4, W., in Logan county, for the

alleged reason that Mrs. Chesnut was not entitled to dower therein. This tract was devised to Willard S. by the will of his grandfather, the said Alexander R. Chesnut Sr.; but the proof shows that in 1863, nearly eighteen years before the death of the testator, and in the lifetime of his first wife, he made a parol gift of this tract of land to his son Nelson, the father of Willard S., upon the condition that he would improve the same and reside upon it. That in pursuance of this agreement the said Nelson entered upon the land, the same then being vacant, and made lasting and valuable improvements thereon; and in the same year, 1863, moved upon it and resided thereon, cultivating it as a farm, until 1874, when he died; and that since his death his widow and child have continued to reside thereon to the present time. After the gift, the said testator always, during the life of Nelson, recognized his right to the land, never claimed or received rent therefor and promised from time to time to deed the same to him, but died without having fulfilled his promise. The said Nelson in his lifetime, and his widow and child since his death, have claimed and occupied the said tract of land adversely to said testator at all times since the said Nelson moved upon it, paid all taxes thereon and enjoyed the entire rents and profits thereof.

The execution of the agreement on the part of the son by the expenditure of money in lasting and valuable improvements, and the residence thereon, was a sufficient consideration in equity to support the promise of the father to deed him the land, and entitled him to a specific performance of the same.

In the case of Stookey v. Stookey et al., 89 Ill. 40, the court said: " We perceive in this regard no difference in principle between the legal effect of an agreement to convey to a stranger, for a valuable consideration, and an agreement to convey to a child, for a good consideration."

Long before the testator's marriage to his widow, his son had, by a full compliance with the terms of the agreement on his part, become the equitable owner of the premises, and was entitled to a deed therefor from his father, who held the

naked legal title in trust for him; and on his death this right descended to appellant as his heir-at-law, and the subsequent marriage and death of the testator did not invest his widow with a right of dower in the premises as against appellant, and the court erred in charging him with contribution therefor.

It is next contended by this appellant that he did not consent, and being a minor could not consent, to the purchase of the widow's right of homestead and dower, and that they were not such incumbrances as one tenant in common can compel contribution from another for extinguishing.

In equity, when tenants in common, or joint owners, hold property incumbered or burdened in such a way as to endanger the title by which they hold it, either of the owners may take up the outstanding title, remove the incumbrance or make advances to preserve the property from destruction, and compel the other owners to contribute their share of the cost, in proportion to their interests in the same. Wilton v. Tazwell, 86 Ill. 29. In that case as in this it was insisted that the widow's right to dower, not assigned, was not an incumbrance endangering the estate, and that one tenant in common could not compel contribution from another for extinguishing it. But the court held otherwise, and that ruling must be followed here.

The right to compel contribution in equity for protecting the common title may be enforced as well against infants as adults; but the court will scrutinize the transaction closely to see that the interests of the infant are jealously guarded and properly protected. Here the purchase seems to have been fairly made; it was beneficial to the infant's estate, the price paid was reasonable, and he received and fully enjoys the benefits of the release of the widow's rights, and should contribute his proportionate share of the purchase money.

The decree is reversed and the cause remanded.

                                        Reversed and remanded.