### Albert N. Case et al. v. Irving J. Case et al.

1. ADMINISTRATION OF ESTATES—*Purchasing Widow's Interest in Real Estate out of Personal Estate.*—Where there are minor heirs at law, the Probate Court has no power to permit the widow's interest in the real estate to be purchased out of the personal estate, and where it is done, the adults become liable to pay the whole amount themselves, but are entitled to an equitable charge upon the land of the minors for reimbursement.

2. CONTRIBUTION—*Among Tenants in Common.*—Where a tenant in common procures the release of a widow's right of dower unassigned, and homestead, at a reasonable price, and a co-tenant in common receives the benefit of the release, the latter must contribute his proportionate share of the money necessarily paid for extinguishing the rights, and this right to compel contribution in equity for protecting

the common title, may be enforced as well against infants as against adults.

3. SOLICITORS' FEES—*Chap. 106, Sec. 40, R. S.*—Chap. 106, Sec. 40, R. S., provides that in all proceedings for the partition of real estate when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, etc. The object of this statute is to allow an apportionment of solicitors' fees against all persons in interest, only in cases where it is not necessary for the defendants or any of them to employ counsel to protect their interests in the premises.

**Bill for Partition.**—Appeal from the Circuit Court of Peoria County: the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

ARTHUR KEITHLEY, attorney for appellants.

ELLWOOD, MEEK & LOVETT, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from an order refusing to allow complainant's solicitor's fee in a partition suit. Jerome H. Case died November 1, 1900, leaving surviving him a widow, four adult children and four minor grandchildren, the latter being the children of a deceased daughter. At the time of his death, deceased was the owner of some 280 acres of land in Peoria county, in which the widow had dower and homestead. There was also a will, concerning which there was some controversy, which gave the widow, who was a step-mother to deceased's children, a greater interest in the real estate than would have been cast upon her by law. Soon after the death of Jerome H. Case the adult heirs entered into a written contract with the widow, by which it was agreed that she should release her dower and homestead in said premises for the sum of $1,900; that the supposed will should be offered for probate and probate of the same denied, and that thereupon G. L. Dunlap, who had been acting as conservator of said Jerome H. Case, should be appointed administrator of the estate; that as soon as appointed, Dunlap should pay to the widow out of the funds in his hands belonging to the estate, said sum of $1,900. They also entered into a written bond and agree-

Case v. Case.

ment with Dunlap by which they undertook to hold and keep him harmless from any loss occasioned by reason of his paying out said sum, and also consented that he should take, credit in his report, and charge them and the children of the deceased daughter, above mentioned, with a proportionate share of the sum so paid, in case it should become necessary for him to replace it and account for the same.

After the probate of the supposed will was denied and the widow had conveyed her interest in the estate to the heirs at law of deceased, and received the amount agreed upon from Dunlap, Albert N. Case, one of the adult heirs, filed a bill for partition, making all the other heirs parties defendant. In his bill he alleged that each of the adult heirs was seized in fee of an undivided one-fifth interest in and to said premises and each of the minors an undivided one-twentieth interest in and to the same. He also set up the release of her dower and homestead interest by the widow, but said nothing as to the manner in which the release was obtained.

A formal answer was filed by the guardian *ad litem* for the minor defendants. None of the other defendants answered but Irving J. Case, who filed an answer and afterward a cross-bill, setting up the purchase of the dower and homestead and other rights of the widow in and to said real estate, for the sum of $1,900, the manner in which the same was paid to her and the agreement with Dunlap to keep him safe and harmless by reason of making such payment, and alleging that the purchase of the said interests of said widow were very beneficial and advantageous to the heirs of said estate, and that said grandchildren profited thereby. The cross-bill further averred that complainant therein was advised and believed that Dunlap would not be able to get credit in the Probate Court for the amount which he had paid on account of the minor grandchildren for the release of the interests of said widow, and asked that said grandchildren be required to contribute and pay on account of the purchase of the interest of said widow, one-fifth of the sum of $1,900, paid to her. The prayer of the cross-bill

was granted, the court finding that the purchase of the interests of the widow was a valuable bargain and to the financial interest and advantage of each of the minor defendants, and that they should jointly contribute one-fifth part of said purchase money. The premises were afterward sold in partition, and out of the shares going to said minors there was paid their proportion of the amount received by the widow as aforesaid. After the order of distribution was made, the cause was referred to the master to take evidence as to the value of the services of the solicitor for complainant in the original bill, and to report whether this was a case where a solicitor's fee should be taxed as costs. The master reported that a reasonable and the usual and customary fee in that court for the services of complainant's solicitor in the case, was the sum of $400, but that this was not a case where a solicitor's fee should be apportioned as part of the costs. The court entered a decree approving the findings of the master and refusing to tax a solicitor's fee, from which Albert N. Case appeals.

It is plain that the Probate Court had no power to permit the widow's interest in the real estate to be purchased out of the personal estate. Had all of the heirs at law been adults, it could readily have been done by unanimous consent; but there being minor grandchildren, no one could give consent for them. As the matter stood the adult heirs had made a bargain advantageous, financially, to the minor grandchildren, as well as to themselves, but the adults had become liable to pay the whole amount themselves, and there was no way of compelling the grandchildren to pay their share, unless it could be done in this suit. Under such circumstances the adults were entitled to an equitable charge upon the land of the grandchildren for reimbursement.

In Wilton v. Tazwell, 86 Ill. 29, it was held that where a tenant in common procures the release of a widow's right of dower unassigned, and homestead, at a reasonable price, and a co-tenant in common receives the benefit of the release, the latter must contribute his proportionate share of the money necessarily paid for extinguishing the rights.

And in Chesnut v. Chesnut, 15 Ill. App. 442, it was held that this right to compel contribution in equity for protecting the common title, may be enforced as well against infants as against adults. The adults, therefore, who had made the payment in question, had a right to enforce contribution against the minor grandchildren, but this right was not sought to be enforced by the original bill for partition filed by appellant.

The statute provides that "in all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs," etc. (Rev. Stat., Chap. 106, Sec. 40.) The object of this statute is to allow an apportionment of solicitor's fees against all persons in interest, only in cases where it is not necessary for the defendants or any of them to employ counsel to protect their interests in the premises. Habberton v. Habberton, 156 Ill. 444.

In this case the interests of the parties were not properly set forth and it was necessary for the defendants to employ counsel to file a cross-bill to enforce the equitable lien, which had not been set out in the bill.

Complainant in the cross-bill, Irving J. Case, could not, therefore, properly be compelled to contribute to the payment of appellants' solicitor's fees. As the apportionment of the solicitor's fees is a statutory matter and there is no provision in the statute for apportioning the same among some of the parties, while others are not charged therewith, the action of the court in wholly refusing to allow or apportion such fees in this case was entirely proper. The decree of the court below is accordingly affirmed.