## A. D. TITSWORTH *et al.*

## *v.*

## MARY F. STOUT.

1. TENANTS IN COMMON—*incumbrance removed from the common estate by one—other tenant must contribute to extent of his interest—of the lien for such contribution.* A and B were owners, as tenants in common, of a certain tract of land incumbered by a mortgage, which was foreclosed and the premises purchased by one C, who assigned the certificate to A. D, the mother of B, having a right of dower in an undivided half of the premises, and being also guardian of B, redeemed the same, by paying over to the master the full amount of the purchase, which sum was paid to A. In a suit for partition, by A against B and D: *Held,* that A must take her allotment, subject to D's lien for the payment of one-half of the redemption money.

2. That D, having redeemed the premises from the master's sale, had a valid claim against A to the extent of one-half of the redemption money paid by her, and which constituted an equitable lien on the land while in the hands of A, which a court of equity would enforce.

3. Where one tenant in common removes an incumbrance from the common estate, the other tenants must contribute to the extent of their respective

interests, and to secure such contribution, a court of equity will enforce upon such interests an equitable lien of the same character with that which has been removed by the redeeming tenant.

4. Same—*of the purchase of an outstanding title by one tenant—rights of his co-tenant.* And where one tenant buys in an outstanding title, he can not set it up as against his co-tenant without giving him an opportunity to contribute and thereby participate in the benefit of such purchase.

5. Same—*where affirmative relief is sought—a cross bill must be filed.* And in such case, inasmuch as the defendants B and D asked no affirmative relief by cross bill, a decree for the sale of the premises, in event of the non-payment of D's claim, could not be rendered.

6. Same—*apportionment of incumbrances authorized by the partition act of* 1861. But, even without a cross bill, the decree, in such case, should, under the partition act of 1861, have provided, that A should take her allotment, subject to D's lien for the payment of one-half of the purchase money. This act expressly authorizes the apportionment of incumbrances.

Appeal from the Court of Common Pleas of the City of Aurora; the Hon. Richard G. Montony, Judge, presiding.

This was a suit for partition, instituted by the appellee, Mary F. Stout, against the appellants, Janett Earl and Emily Parkhurst and others, in the circuit court for the county of Kendall, the petitioner alleging that she was the owner, and seized in fee simple, of an undivided one-half of certain lands in Kendall county, Illinois. A change of venue was taken to the Court of Common Pleas of the City of Aurora, where the cause was heard on petition, answer, replication and proofs, and a decree rendered, awarding partition as prayed. The further facts in the case are stated in the opinion.

Messrs. Parks & Annis, for the appellants.

Messrs. Wheaton & McDale, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The appellee, Mary F. Stout, and an infant named Emily Parkhurst, one of the appellants, were the owners, as tenants in common, of a tract of land which was subject to a mortgage. This was foreclosed, and the premises were bought, at the master's sale, by one Phillips, who assigned the certificate of purchase to Mrs. Stout. The mother of Emily Parkhurst, having a right of dower in an undivided half of the premises, and being also guardian of Emily, redeemed the premises, within twelve months after the sale, by paying to the master the requisite amount under the statute. The master tendered the money to Phillips, who refused to receive it, saying the matter was out of his hands, and a few days afterwards Mrs. Stout demanded and received it, giving her receipt to the master. This took place in August, 1866, and the lien under the mortgage having been thus canceled, Mrs. Stout, in May, 1867, filed this bill for partition, making Emily Parkhurst and her mother parties. They answered, setting up the foregoing facts, which were also proved upon the hearing, but they filed no cross-bill. The court decreed a partition, setting off to Mrs. Stout, upon the report of the commissioners, one-half the premises, by metes and bounds, to hold in severalty. The defendants have prosecuted an appeal.

We have stated above all the facts that are really material, and from them it is plain that the mother of Emily Parkhurst, who redeemed from the master's sale, either in her own right, as dowress, or as guardian of Emily, has a valid claim against Mrs. Stout, which amounts to an equitable lien on the land while in her hands. This results from the familiar principle, that where one tenant in common has removed an incumbrance from the common estate, the other tenants must contribute to the extent of their respective interests, and, to secure such contribution, an equitable lien upon their interests, of the same character with that which has been removed, will be enforced by a court of chancery. The redeeming tenant in common, in order to secure contribution, is substituted to

the same lien which he has redeemed. On the other hand, where one tenant in common buys in an outstanding title, he can not set it up as against his co-tenant without giving him an opportunity to contribute, and thereby participate in the benefit of the purchase.

In the case at bar, Emily Parkhurst, or her guardian for her, had a right to redeem from the master's sale, and she could only redeem by paying the full amount of the purchase. It was not in her power to redeem her undivided half. If Phillips had retained the certificate of purchase, there would have been no question but that the redemption was equally for the benefit of the co-tenant, Mrs. Stout, and the latter would have been obliged to contribute. The fact that she had bought the certificate in no way affects this question. If she had canceled it, after buying it, she then would have had a claim against Emily Parkhurst's undivided half of the land for contribution. But instead of canceling it, she treated it as in force against her co-tenant, and, by virtue of its assignment to herself, demanded and received all the redemption money. She should only have received one-half, and should have directed the master to return the other half to her co-tenant. The equities of all parties would then have been adjusted, and this proceeding and the decree herein would have been proper.

If the defendants had filed a cross bill they would have been entitled to a decree enforcing their equitable lien against the complainant's estate in the premises, by directing its sale in case of non-payment. This they did not do, and as they asked no affirmative relief by cross bill the court committed no error in not decreeing a sale.

The court, however, did err in not providing, in its decree, that the complainant should take her allotment subject to the equitable lien of the guardian of Emily Parkhurst for the payment of one-half the redemption money. This would have been proper under the partition act of 1861, even

11—49TH ILL.

without a cross bill, as that act expressly authorizes the apportionment of incumbrances.

For this error the decree is reversed and the cause remanded.

*Decree reversed.*