# GEORGE B. GROVES *et al.*

## *v.*

# GILLISON MAGHEE *et al.*

1. MASTER'S SALE—*assignment of undivided interest in land sold.* An assignment, by the holder of a master's certificate of sale of land, of an undivided interest therein, though it may be valid as between the parties, is not such an assignment as is recognized by the statute, and it seems the officer making the sale is not bound to recognize such an assignment.

2. But if the officer making the sale chooses to recognize such assignment, and convey the land to the assignee in accordance therewith, and report the fact to the court, no reason is perceived why it should not be approved.

3. REDEMPTION—*of undivided interest.* Where the purchaser at a master's sale, of an entire tract of land, afterwards assigns an undivided interest in such purchase, there can be no legal redemption of such undivided interest.

APPEAL from the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

Mr. ALFRED C. DUFF, and Mr. JAMES M. GREGG, for the appellants.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a bill in equity, brought by Jones, as drainage commissioner of Saline county, to the March term of the circuit court of that county, to foreclose a mortgage for condition broken, executed upon lands situate there, by Robinson and Hundley, who were made defendants, and regularly brought into court. April 2, 1868, the default of defendants was entered, and a decree *pro confesso* passed, finding the amount due, foreclosing the mortgage, and directing a sale of the mortgaged premises by the master in chancery, in case of default in paying amount of decree within a time therein prescribed.

October 8, 1868, the master filed in court his report of sale, which was approved by the court. On September 29, 1870, the master submitted a report, showing that after sale of the premises and execution of certificate of sale to the drainage commissioner, the latter had, June 22, 1869, in pursuance of an order of the county court, assigned said certificate to George B. Groves conveying to him an undivided half in said lands; that June 15, 1869, one Maghee, claiming title as judgment creditor of Robinson, had redeemed the undivided half for which Groves held the certificate, by depositing the amount with him, as such master, but that Groves refused to receive such redemption money. He also reported the execution of a deed to the drainage commissioner for the other undivided half, September 21, 1870.

At the April term, 1873, a stipulation was entered into between the respective parties to the suit, and therein filed, to the effect that the cause, which had been dropped from the docket by mistake, might be re-instated, in order that the report of the master, showing execution of deed to Groves, the assignee of an undivided half interest of Robinson in the lands mentioned in the decree, might be submitted and approved.

At the November term, 1873, a motion was made, with the concurrence of the parties to the suit, for approval of the report of the master showing execution of deed to Groves of the one undivided interest in the lands in controversy, whereupon, solicitors appearing for Maghee objected to such confirmation, and asked that redemption of such undivided half interest by Maghee be declared valid. Affidavits were submitted upon both sides, Maghee placing his right to redeem in his affidavit on the ground that he was grantee of Robinson; but there is no evidence that he was a judgment creditor, except the bare recital of the master in his report, or that his attempt to redeem was within twelve months after the master's sale.

A decretal order was entered at the November term, 1873, though the date is left in obscurity, overruling the previous motion of Groves, Robinson and Hundley for confirmation of the master's report, showing execution of deed of undivided half to Groves, and that the order of the court at the April term, 1873, approving such report, be revoked, vacated, and declared void; that complainant and Maghee recover their costs of Groves, Robinson and Hundley, and have execution therefor, and that the cause be stricken from the docket. From this order Groves, Robinson and Hundley appealed to this court.

While the claim of Maghee was not regularly brought before the court in accordance with proper rules of practice, yet, inasmuch as he was permitted to come in upon affidavits without objection, we may regard the court as having jurisdiction of his person and his claim. The same may be said of Groves. We find in the record no such order, purporting to be entered at the April term, 1873, as is attempted to be set aside, vacated, and declared void by the order appealed from. But upon the case made by Maghee in his affidavit, he was not entitled to a deed from the master, or to intermeddle in the cause. While the assignment of the drainage commissioner, under the authority of the county court, of an undivided interest in the subject matter of the certificate of sale to him, might be valid as between him and Groves, yet, as between the assignee and the officer making the sale, we very much doubt if he is bound

to recognize assignments by the original purchaser of several or any undivided interests in such certificate. The assignment recognized by the statute is of the whole certificate. Nor could there legally be a redemption of the undivided interest thus assigned. *Tittsworth* v. *Stout*, 49 Ill. 78.

If the master had, in fact, executed a deed to Groves as such assignee, we perceive no reason why, if such act be reported to the court by the master, it should not be approved. At all events, Maghee is in no situation to make objections.

The order appealed from will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Order reversed.*