# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

## HAWAIIAN ISLANDS.

---

KANAKAMAIKAI, MAHOE and HULUPALA *v.* PAHU-
LIO and EKEKA.

APPEAL FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED APRIL 4, 1899.  DECIDED MAY 1, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

In partition, if one cotenant has laid out necessary and reasonable ex-
penditures for taxes, purchase of the common estate, and litiga-
tion in its behalf, repayment may be directed.

OPINION OF THE COURT BY JUDD, C.J.

The plaintiffs brought a bill before the circuit judge, Fifth
Circuit, for partition of certain parcels of land in Koloa, Kauai,
to wit, land granted to one "Lehukini" by Royal Patent No.
3267, to one "Palaawahia" by Royal Patent No. 10,885, and to

one "Mainui" by Royal Patent No. 3,311. The plaintiffs each claimed to be entitled to one undivided fourth part of the lands averred, and that the respondent Pahulio was entitled to the remaining one-fourth—all by inheritance from their common ancestors. Ekeka, husband of Pahulio, filed a sworn answer claiming that they be repaid certain sums of money expended by them in behalf of the common estate, and consented to a partition if this claim should be considered and allowed by the court. A commissioner in partition was appointed, who, in due time, reported; and all the parties consented to the division made. An accounting by defendants was ordered. On the question of defendant's claim, the court took considerable testimony and found that respondents had paid:—

Taxes on the lands in excess of their due proportion of
    one-fourth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 31 13
For money paid out for expenses of suits at law institu-
    ted by or defended by them in behalf of the com-
    mon property in excess of respondents' share . . . 146 25
Towards purchase of land of "Palaawahia" in excess of
    respondents' share . . . . . . . . . . . . . . . . . . . . . . . 147 00
Ditto land of "Lehukini" deed and survey, &c. . . . . . . 67 00
Towards one share Hui of "Mahaulepu" . . . . . . . . . . 59 00
                                                      ————
                                                    $450 38

The respondents charged themselves with rent received by them offset by payments made to the plaintiffs, so that the final balance to the credit of the respondents was found to be $449.88. The circuit judge ordered judgment for this amount in favor of respondents against plaintiffs, jointly and severally, costs to be divided equally. From this the plaintiffs appealed. Their counsel contended that the circuit judge sitting in equity had no authority or jurisdiction to make a decree ordering the plaintiffs to pay the sum of $449.88, as no accounting was prayed for in the bill; that the suit was instituted for a partition alone and the decree was contrary to the rules, practice and procedure in equity.

We are of opinion that a court in a case of partition has jurisdiction to consider and adjust claims and equities between cotenants. In 17 Am. & Eng. Ency. Law, p. 753, the following is a statement of the law on this point: "If one cotenant has made advances in excess of his share of the purchase price, or has paid more than his just share of an encumbrance, repayment may be directed, and if not made, the share upon which such balance is an equitable lien may be sold to satisfy it." Unfortunately most of the cases cited to justify the above text are inaccessible to us. But the doctrine is clear that whoever by a suit for partition invokes the jurisdiction of a court of equity in his behalf, thereby submits himself to the same jurisdiction and concedes its authority to compel him to deal equitably with his cotenants. Freeman, Partition, Sec. 305.

The equities of the respective parties growing out of their ownership as tenants in common, are considered and disposed of upon the broad principles which govern courts of equity in the administration of justice. Story, Eq. Jur., Sec. 656.

It is held in *Titsworth et al. v. Stout*, 49 Ill. 78, that "where one tenant in common removes an incumbrance from the common estate, the other tenants must contribute to the extent of their respective interests, and to secure such contribution a court of equity will enforce upon such interests an equitable lien of the same character with that which has been removed by the redeeming tenant." This case does not go into the question of relief of a cotenant when other than encumbrances, as a mortgage, have been removed by him from the common estate. A cotenant who has paid more than his share of the purchase price of the common estate may be indemnified. Damages for waste were allowed in one case of partition. The court in that case said, "There is hardly any question in relation to property which this court may not determine incidentally for the purpose of doing complete justice and preventing multiplicity of suits." *Backler v. Farrow*, 2 Hills' Ch. 111, cited in Freeman, Partition, Sec. 512. "Money laid out in improvements of the common estate, involving equitable compensations are within the power of the court to consider and compel contribution thereof."

Story, Eq. Jur. Sec. 655. And the learned author says, generally, "In suits in equity for partition various other equitable rights and claims and adjustments will be made which are beyond the reach of courts of law, *id.* Sec. 656b, 13th Ed. See *Campbell v. Campbell,* 11 N. J. Eq. 268.

The expenditures of respondents for which the circuit judge ordered contribution were (1) for taxes. Taxes are unavoidable and may be recovered against the land. Plaintiffs should pay their share of such incumbrance. (2) Money paid out towards purchase of "Palaawahia," "Lehukini" and "Mahaulepu." These became a part of the common estate and the plaintiffs by all authorities should pay their share of the money expended therefor by defendants. (3) For money expended by defendants in bringing or (and) defending lawsuits in behalf of their common property. These claims would be cognizable at law, but on the principles laid down by Story and by the case of *Beckler v. Farrow,* the circuit judge sitting in partition in equity had authority to award compensation. We are in ignorance of the details of this litigation whether necessary or not, whether successful or not, as only the general principle of awarding compensation at all was contested by plaintiffs and no details were objected to. It suffices us that the circuit judge has held that the expenditures of the litigation were in behalf of the common property and nothing has been shown to the contrary and no objections are made to the amount. The circuit judge ordered that repayment of defendants' expenditures be made by plaintiffs to defendants. He had the right to so order. The question whether, if not paid, the shares upon which such expenditures would create an equitable lien, can be sold to satisfy it, is not yet before us.

We may add that plaintiffs' counsel's objection that the bill did not pray for an accounting is answered by the fact that defendants' answer, though informal, sufficiently fills the purpose of a cross-bill wherein defendants set up their claims for compensation for expenditures in behalf of the common estate.

*G. A. Davis* for plaintiffs.

*J. S. Willard* for defendants.