Sophia Maciejewska, Appellee, *vs.* Theodore Jarzombek, Appellant.

*Opinion filed December 22, 1909.*

1. Partition—*relationship of parties may prevent application of general rule relating to improvements.* While it is a general rule that the court may, for equitable reasons, assign to the co-tenant making improvements on the common property the portion improved, without considering its increased value, or in case a division cannot be made may allow him the increased value of the premises caused by the improvements, yet the relationship of the parties may render such rule inapplicable as between them.

2. Same—*when presumption exists that improvements were intended as a gift.* If an improvement is constructed by a husband upon property of the wife, or if a parent improves the property of a child, the law raises the presumption that the improvements are intended as gifts, the same as where a husband or parent purchases property and takes the title in the name of the wife or child.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Charles M. Walker, Judge, presiding.

George W. Hess, for appellant.

John S. Hummer, and Charles A. McDonald, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

In this suit for partition of a lot in Chicago the circuit court decreed that the appellee, Sophia Maciejewska, who was complainant in the suit, was the owner of an undivided two-thirds of the lot and the improvements thereon, and the appellant, Theodore Jarzombek, who was the defendant in the suit, was the owner of the undivided one-third of the lot and the improvements thereon, and the

court appointed commissioners to make partition accordingly. The parties were satisfied with the finding as to title, but the appellant desiring to question the correctness of the decree concerning an allowance for improvements, appealed to the Appellate Court for the First District, assigning for error the refusal of the court to find that he was entitled to have set off to him that part of the lot on which a building was located without reference to its value, or, in case of a sale, that he would be entitled, on a distribution, to the enhanced value by reason of the improvements. The Branch Appellate Court affirmed the decree, and this further appeal was taken.

John Witt owned the lot and lived on it in a small cottage with his wife, Josephina Witt, until December 21, 1883, when he died, leaving Josephina, his widow, and his two daughters, Sophia, the complainant, and Mary, his only heirs-at-law. Mary died at the age of fifteen months, leaving her mother, Josephina, and sister, Sophia, her only heirs-at-law. Subject to dower and homestead rights Sophia became the owner of an undivided two-thirds of the lot, and the widow, Josephina, became entitled to one-third as heir of Mary. On July 25, 1887, the widow, Josephina Witt, was married to John Jarzombek, and he came to live in the cottage on the premises with his wife and the complainant, Sophia, who was then a child. John Jarzombek, Josephina, his wife, and Sophia, lived together as a family until the marriage of Sophia to Maciejewska, about 1898. On July 26, 1889, a forged and fictitious instrument was recorded purporting to be a warranty deed of the lot from John Witt and Josephina Witt, his wife, to John Jarzombek, dated and acknowledged before Peter Kiolbassa, a notary public, on March 15, 1885, long after the death of John Witt. About the same time the cottage was moved to the rear of the lot and a barn was moved upon the front of the lot and was remodeled into a residence, and this is the improvement for which the defendant claimed compen-

sation.   October 5, 1904, John Jarzombek and Josephina made a quit-claim deed of the lot to Frank Zaleski, and on October 12, 1904, Frank Zaleski and wife executed a quit-claim deed of the lot to John Jarzombek and Josephina Jarzombek, as joint tenants.   Josephina Jarzombek continued to live with her husband in the cottage until December 16, 1905, when she died.   On January 3, 1906, the bill in this case was filed against John Jarzombek, alleging that the deed recorded July 26, 1889, was a forgery and praying for partition.   On January 8, 1906, John Jarzombek made a quit-claim deed of the lot to the defendant, Theodore Jarzombek, his son, and John Jarzombek died on January 21, 1906.   Theodore Jarzombek was made a defendant, and in his original answer claimed that his father made the improvements believing himself to be the owner of the premises by virtue of the fictitious deed, but by amendment he afterward abandoned that claim as being based on misinformation.

There was no direct evidence whether John Jarzombek relied on the fictitious deed or not, or whether he had any connection with it.   He was still living when the bill was filed, and in his last illness said, "Peter Kiolbassa done something," or "made some humbug," and that the only deed he got for the property was from Zaleski.   It was conceded on the hearing that the deed was forged and fictitious and no rights were claimed under it.   The amended answer alleged that the improvement was made and paid for and the money furnished either by John Jarzombek or his wife, and the general rule respecting improvements made by tenants in common is relied upon to secure compensation.   The rule of courts of equity is, that while a tenant in common cannot make improvements on the common property and charge his co-tenants with a proportionate part of their value, (*Chambers* v. *Jones,* 72 Ill. 275,) yet in making partition the court for equitable reasons will, if practicable, assign to the one making the improvements

the portion improved without taking into consideration the increased value, and if a division cannot be made will allow to the one making the improvements the increased value of the premises caused thereby. (*Noble* v. *Tipton,* 219 Ill. 182.) The relationship of parties to each other, however, may render general rules inapplicable as between them. If one furnishes the means to buy property and the title is taken in the name of another the law ordinarily raises a resulting trust, but if the one furnishing the means is a husband and the title is taken in the wife's name, or if a father pays and takes title in the name of a child, the presumption arising from natural love and affection is that the transaction is a gift. The same presumption exists in case improvements are made on property. Indeed, counsel is driven to that presumption to sustain a claim for compensation, and his argument is, that if a husband voluntarily makes an improvement upon land of his wife the law presumes that he intended it as a gift to her; (*Fizette* v. *Fizette,* 146 Ill. 328; 21 Cyc. 1297;) that if John Jarzombek improved the lot, the presumption would be that he intended to improve the interest of his wife in the lot as a gift to her, so that she would acquire a right to compensation; that the deed to Zaleski, the deed from Zaleski and wife to John Jarzombek and his wife as joint tenants, the survivorship of John Jarzombek and his deed to defendant, Theodore Jarzombek, gave to the defendant the same right to compensation that Josephina Jarzombek would have had. John Jarzombek having no title to the lot could himself acquire no right to compensation by improving it, and whether the defendant, as a remote grantee of Josephina Jarzombek, through his father, could acquire any right that she had need not be considered. If the improvement was paid for by Josephina Jarzombek the law would presume it to be a gift to her daughter, the complainant, to the extent of the complainant's interest. If it was paid for by John Jarzombek, and the presumption obtains that it was

a gift to his wife, we are not prepared to say that she could take any greater advantage than if she had paid for the improvement herself. There is no direct evidence who furnished the means for the improvement, but in either case the claim must come through the mother and be established against her daughter's interest in the lot.

We conclude that the decree was right, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*