In the Matter of the Estate of Vincenzo Liberio, Deceased.
Sam De Laurentis, as Administrator, Appellant, v. Suburban Savings & Loan Association, Appellee, and Antionette Giulietti and Genevieve Brown, Intervenors-Appellees.

Gen. No. 48,955.

First District, Second Division.
September 17, 1963.

Chino and Schultz, of Chicago, for appellant.

Lee, Gieren and Phelan, of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

Petitioner, as administrator of the estate of Vincenzo Liberio, deceased, brought citation proceedings in the Probate Court against the Suburban Savings and Loan Association to determine the ownership of a share account standing in the name of the deceased and his two daughters. The court found that the account was the property of the daughters, and ordered that it be

turned over to them and the citation proceedings dismissed. The administrator appeals.

The facts disclose that decedent was employed as janitor at the Suburban Savings and Loan Association and had several accounts with it. The first of these was Account No. 0–322 which he opened in March 1953 in his name and that of his first wife Angeline. When she died in March 1955 the account was transferred to Account No. 0–564, which then had total assets of $2762.68. In opening Account No. 0–564 a signature card, dated March 22, 1955, was signed by decedent and his daughter Antoinette Giulietti. On July 27, 1955 a second signature card was signed by decedent, by Antoinette Giulietti, and by another daughter of decedent, Genevieve Brown. Both daughters lived out of state, Mrs. Giulietti in California, Mrs. Brown in Louisiana. Both cards set out the same agreement:

"We hereby expressly agree with the above named Association, that all money deposited or paid into said Association by either or both of us may be withdrawn or borrowed from and paid out by said Association upon request or order of both or either of us.

"And it is further agreed that upon the death of either of us, the survivor shall have the absolute right to withdraw or be paid all moneys not then withdrawn."

Mrs. Giulietti testified that the second signature card was sent to her by mail for her signature; she did not know the circumstances of her sister's signing, but Mrs. Giulietti recognized her sister's signature on the card. It is conceded that the funds in both accounts were furnished by decedent and that all withdrawals were made by him.

After decedent died Mrs. Giulietti went to his home, obtained the passbook from his widow (his second

262

wife Madelena), and has had possession of it since. Decedent left insurance policies naming his two daughters as beneficiaries. During his lifetime he authorized Mrs. Giulietti to withdraw $150 in October 1951 from Account No. 0–1135 for the purchase of a car; this account was in the names of Madelena and Vincenzo Liberio. The question here is whether, under the Illinois statutes and the evidence presented, Account No. 0–564 is a joint tenancy account with the right of survivorship in the daughters.

The pertinent language of the Illinois Savings and Loan Act (Ill Rev Stats 1961, c 32, § 770(a)) is as follows:

> "770. § 4–10. Joint Account; Trust Account; Payment on Death Account. (a) If two or more persons opening or holding a withdrawable capital account shall execute a written agreement with the association or federal association providing that the account shall be payable to any or the survivor of them, the account, and any balance thereof which exists from time to time, shall be held by them as joint owners with right of survivorship and, unless otherwise agreed, any payment by the association or federal association to any of such persons shall be a complete discharge of the association's or federal association's obligation as to the amount so paid. . . ."

The applicable subsection of section 2 of the Joint Rights and Obligations Act (Ill Rev Stats 1961, c 76, § 2(c)) provides:

> "(c) When shares of stock, bonds, or other evidences of indebtedness or of interest are or have been issued in the joint names of two or more persons or their survivors by corporations, including state chartered savings and loan asso-

263

ciations, federal savings and loan associations, and state and federal credit unions, authorized to do business in this state, all payments on account thereof made then or thereafter, redemption, repurchase or withdrawal value or price, accumulations thereon, credits to, profits, dividends, or other rights thereon or accruing thereto may be paid or delivered in whole or in part to any of such persons whether the other person or persons be living or not, and when an agreement permitting such payment or delivery is signed by all said persons at the time when the shares of stock, bonds or evidences of indebtedness or of interest were issued or thereafter, the payment or delivery to any such person, or a receipt or acquittance signed by any such person, to whom any such payment or any such delivery of rights is made, shall be a valid and sufficient release and discharge of any such corporation for the payment or delivery so made";

Various theories have been advanced from time to time with respect to the rights of survivors of joint accounts. In In re Estate of Schneider, 6 Ill2d 180, 127 NE2d 445 (1955), the Illinois Supreme Court rejected the contract theory embodied in the earlier decisions and held that the survivor took title to the funds, if at all, by virtue of a gift from the donor depositor. In consequence of adopting this theory the court required the survivor to establish the existence of donative intent on the part of the donor depositor. Presumption of such intent arose from the execution of the deposit agreement, the court held (p 187), but added that this presumption could be rebutted by extrinsic evidence. Since the parol evidence in that case indicated that the account was made joint for the convenience of the donor depositor because of his old age and illness, the funds in the account at his death were awarded to the

estate rather than to the survivor. The account involved in the Schneider case was in a savings and loan association, and the statute governing joint rights and obligations was silent as to such accounts at the time of the transaction; however, the court reached its decision without reliance on the statute and concluded with a statement (p 188) that the statute was applicable, if at all, by virtue of a proviso relating to bank accounts. In 1953 proviso (c) of section 2 was broadened to include savings and loan associations, but, like proviso (a), this appears to go no further than to protect the issuing corporation or association. It should be noted, however, that section 4–10 of the Illinois Savings and Loan Act, which was adopted in 1955, appears to create a statutory joint tenancy with right of survivorship in addition to protecting the association.

The latest expression of the Supreme Court on the subject of joint accounts and survivorship is found in Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850 (1962). In that case the Supreme Court clarified the relationship between the gift theory announced in the Schneider case and the various statutory provisions. After discussing the statutes, the court concluded (pp 67–68) that the legislature had provided for the creation of survivorship in both joint bank accounts and savings and loan accounts, and had prescribed the method by which such accounts could be set up. This, said the court (pp 69–70), permitted legal title to be vested in the holders with right of survivorship by force of the statutes without regard to common law principles applicable to joint tenancy, but it qualified this holding by adding that a court of equity may, on the principle of the Schneider case, look behind the form of the transaction and determine questions of real and beneficial interest, i.e., whether there has been a gift.

The administrator here contends that the signature cards in this instance were merely an acquittance or

265

safeguard for the loan association. Under the Frey case the statutory provisions do more than protect the loan association. They do not by themselves, however, create an effective right of survivorship; rather, they provide the method by which the parties can create such a right, namely, by means of the written agreement signed by them. Whether in fact the right of survivorship has been created depends upon proof of a donative intent; in other words, for the survivor to prevail, not only must the statutory conditions have been met, it must appear that a gift was intended.

Only two witnesses testified in the instant proceeding, the assistant secretary of the savings and loan association who produced the records of the association, which were placed in evidence, and Mrs. Giulietti. The latter testified to the opening of the account, and admitted that she did not deposit any of her own money therein or make any withdrawals therefrom.

Under the authority of the Schneider and Frey cases, the agreement gave rise to the presumption of a gift to the daughters of moneys in Account No. 0–564. Since no proof was made by petitioner to rebut this presumption, we hold that ownership of the account was in the survivors, the daughters of deceased, rather than in the estate. The judgment of the Probate Court is therefore affirmed.

Judgment affirmed.

BURKE, PJ and BRYANT, J, concur.