In the Matter of the Estate of Lillian A. Lackie, Deceased.
George J. Mahoney, Executor of the Last Will of Lillian Frey Lackie, Deceased, Appellee, v. Elsie C. Asbell, Appellant.

Gen. No. 49,329.

First District, Second Division.

July 3, 1964.

Edward T. Howe and Irving Goodman, of Chicago, for appellant.

Stiefel, Greenberg, Burns & Baldridge, of Chicago (John J. Enright and William Cyril Burns, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This is an appeal from an order directing a surviving joint tenant to turn over to the executor of the estate of the deceased joint tenant the sum of $8,058.32 held in two bank accounts in joint tenancy. The executor's petition for citation against Elsie C. Asbell, the half-sister of decedent alleges that Mrs. Asbell and the decedent had two joint tenancy bank accounts in the Lake View Trust and Savings Bank totaling $8,058.32 which rightfully belonged to the executor. The respondent (appellant herein), filed an answer that she holds and owns the bank accounts, that the title and ownership of the accounts are in the respondent because she is the surviving joint tenant of the proceeds and donee of the accounts.

Lillian A. Lackie, hereinafter called the decedent, a resident of Chicago died there on July 11, 1962, at the age of 81. She was a widow with no children. Her closest blood relative and her heir at law was

her half-sister, Elsie C. Asbell, hereinafter called the respondent, who was then 70 years of age. The respondent was a childless widow residing in Chester, Pennsylvania. In November, 1959, the decedent telephoned the respondent to come and stay with her because she was not feeling good. The respondent came to Chicago and stayed with the decedent, doing the shopping, and looking after her. On April 7, 1960, decedent and respondent went to the Lake View Trust and Savings Bank where the decedent had two savings accounts. There the decedent and respondent signed two combined ledger and signature joint and several accounts. The balance in one account was $1,589.81 and in the other $6,468.51. Each signature card contained inter alia the following statement above their signatures: "Our intention is to create a joint tenancy in this account and in accounts in continuation hereof with the right of survivorship." After decedent died, the respondent withdrew the moneys in these bank accounts.

The decedent had executed a holographic last will and testament dated September 30, 1959. In this will she bequeaths $2,000 to the executor, George J. Mahoney and his wife, Jane Webster Mahoney, not related to the decedent and to the respondent certain capitol stock, jewelry, clothing and $1,000 in cash. This controversy arose when the executor filed citation proceedings against Mrs. Asbell to recover on behalf of the estate the proceeds of the two joint bank accounts. The accounts represented original funds of the decedent and were transferred from two savings accounts established by her several years before her death with the Lake View Trust and Savings Bank. The transfers, made April 7, 1960, on printed forms and passbooks, complied with the statute relating to the establishment of joint tenancy accounts.

The passbooks were taken by the decedent and were retained by her up to her death. No further withdrawals or deposits were made.

■ ■ The executor asserts that the respondent failed to prove a donative intent on the part of the decedent to transfer the funds in the savings accounts to her. The executor says that the trial judge was satisfied that the equities were with him and that his decision should be affirmed. The trial judge in deciding the case stated that he was "relying principally on the testimony of Mrs. Asbell herself." The recent cases of Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850 and In re Estate of Liberio, 43 Ill App2d 261, 193 NE2d 482, hold that a bank deposit agreement creating a joint tenancy with the right of survivorship raises the presumption of a gift and establishes sufficient donative intent so that the surviving joint tenant becomes the sole owner of the account upon the death of the other joint tenant. This is particularly true where the joint tenants are husband and wife, brother and sister, or parent and child. In re Estate of Schneider, 6 Ill2d 180, 127 NE2d 445 and other cases hold that the deposit agreements tend to show a donative intent on the part of the original owner of the funds and that the intention so manifested, in the absence of clear evidence, is sufficient to establish ownership in the survivor by virtue of the contract upon the death of the original owner. In the Schneider case the court pointed out that the form of the agreement is not conclusive as to the intention of the depositors between themselves. In the Schneider case the surviving joint tenant was a total stranger. In that case the evidence showed that the name of the other joint tenant was put on the account for convenience only in case Schneider got sick. In the instant case two disinterested

witnesses testified that decedent had told them she wanted her sister, the surviving joint tenant, to get everything. The respondent, called as a witness by the executor, and upon whose testimony the trial judge based his decision, testified as to the creation of the joint tenancy. We conclude that respondent, who took care of her sister in her last days and is her closest relative, is legally and equitably entitled to the funds in the bank accounts as the surviving joint tenant. The respondent by introducing the bank accounts made out her case. The testimony of the two disinterested witnesses and of the respondent strengthened her case. There is no evidence to contradict the presumption that the decedent intended to create the joint account with the right of survivorship, that she created a joint account in writing and that respondent is entitled to the proceeds of the accounts. For these reasons the order of July 16, 1963, is reversed and the cause is remanded with directions to dismiss the petition for citation and to find that the respondent, Elsie C. Asbell, is the legal owner of the two accounts totaling $8,058.32.

Order reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.