OTTILIE KRATZER a/k/a TILLIE ANN KRATZER, Plaintiff-Appellee *v.* WILLIAM L. KRAZTER, Defendant-Appellant.

(No. 11192;

Fourth District—February 2, 1971.

Giffin, Winning, Lindner, Newkirk & Cohen, of Springfield, for appellant.

Horsley and Lott, of Springfield, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from a decree for partition entered by the Circuit Court in favor of the plaintiff, Ottilie Kratzer, who was defendant's wife. The property in question was acquired by warranty deed by plaintiff and defendant as joint tenants in 1943. They had occupied the premises for a number of years as homestead.

Plaintiff and defendant were married in 1938 and lived together as husband and wife until February, 1961, at about which time plaintiff was adjudicated mentally incompetent and committed to a State Hos-

pital. On August 27, 1962, plaintiff was adjudged recovered and was restored to her civil rights. The parties have not lived together, however, since the adjudication of incompetency, and defendant has refused to admit the plaintiff to the home since her restoration.

After plaintiff's restoration on November 16, 1962, she filed simultaneous actions for divorce and to partition the property in question. The divorce suit alleged desertion by the defendant. It alleged that the plaintiff and defendant were joint owners of the property in question and requested a determination of the property rights of the parties. It also alleged that defendant had withdrawn $10,000.00 from a joint savings account, and $1,000.00 from a joint checking account and secreted them from plaintiff. It alleged joint ownership of $500.00 in U.S. Savings Bonds, and of an automobile. Plaintiff prayed for a divorce and for adjustment of property rights in the real and personal property. Defendant answered the divorce suit and alleged that the acquisition of title as joint tenants was for convenience only, and without intent of defendant to make or plaintiff to receive a gift, and made like allegations as to the bank accounts and U.S. Government Bonds. The plaintiff's suit for divorce was, after notice, dismissed for want of prosecution on February 3, 1966.

The real estate was purchased with a down payment of $1,475.00, which was drawn from the joint checking account. The property was purchased subject to an existing mortgage which was paid off before the parties separated from funds which originated in defendant's salary. There is testimony that there were some improvements which were paid with money from the same source. There is testimony that the plaintiff and her brother helped in painting the house. At some time shortly after plaintiff's adjudication of incompetency, defendant transferred the joint savings account of about $7,000.00 and the joint checking account of about $800.00 to accounts in his individual name. Defendant testified that at various times when they were living together he closed the joint checking account to shock his wife a little, and then restored the account. The evidence shows that defendant had paid the taxes and insurance premiums since he changed the bank accounts to his individual name.

At the time of the marriage of the parties, defendant was employed by the State of Illinois, and continued in this employment up to the time of the suit. Plaintiff was never employed during the marriage until after the separation and was occupied solely as a housewife, although there is some testimony that for about eleven months she helped take care of defendant's mother and father. Plaintiff brought about $200.00 to the marriage which was spent for common purposes. From the beginning,

plaintiff and defendant had a joint checking account and later, additionally, a joint savings account, all of which came from defendant's salary.

On April 10, 1968, defendant filed an amended answer to the partition suit alleging two defenses with an alternate to the second defense. The first defense is that the divorce suit, having been dismissed for want of prosecution, had as a matter of law been adjudicated upon its merits and said divorce suit was a suit between the same parties as the partition suit. It asserted that the divorce action, in claiming the property rights and in praying for an adjustment thereof in respect to the same property as that involved in the partition suit was a suit covering the same property right now claimed in the partition, and the issue was determined against plaintiff by reason of the operation of the dismissal order as an adjudication upon the merits. It should be stated that defendant's answer to plaintiff's suit for divorce denied the charge of desertion, which was the basis of the divorce action.

Defendant cities *Harris v. Chicago House Wrecking Co.*, 314 Ill. 500, to the effect that an order dismissing a suit for want of prosecution is an appealable order and Supreme Court Rule 273 (Ill. Rev. Stat. 1967, ch. 110A, par. 273), to the effect that unless the order recites otherwise an involuntary dismissal for any reason other than lack of jurisdiction, improper venue or failure to join an indispensable party operates as a decision on the merits. Defendant then contends that since plaintiff claimed this real estate in the divorce proceeding an adjudication was had that she was not the owner.

We do not reach the issue as to whether the dismissal pursuant to the authority of Supreme Court Rule 273 is an adjudication on the merits which makes operative the judicial doctrine of *res judicata*. Prior to the adoption of this Rule it was held that dismissal for want of prosecution created the status of an involuntary non-suit. See *Casillas v. Rosengren*, 86 Ill.App.2d 139, 229 N.E.2d 141, and its cited authorities. Neither party has briefed the effect of the statutory amendment in 1967, (Ill. Rev. Stat. 1967, ch. 83, par. 24a), which authorizes the filing of a new action where a suit has been dismissed for want of prosecution. Supreme Court Rule 273, as presently stated, provides that an involuntary dismissal operates as an adjudication on the merits, "Unless * * * * a statute of this state otherwise specifies * * * *".

■■ Plaintiff's parallel and simultaneous actions were founded on entirely separate and distinct statutes which were operative upon different categories of legislatively determined and stated rights and interest. The doctrine of *res judicata* is not operative under these circumstances. As stated in *Chas. Ind. Co. v. Cecil B. Wood, Inc.*, 56 Ill.App.2d 30, 205 N.E.2d 786: "If a former adjudication is raised as a complete bar against

a second action, both as to those matters actually adjudicated in the first action and as to those matters which could have been raised therein, there must be, as between the actions, identity of parties, of subject matter and of cause of action." See also *Harding Co. v. Harding,* 352 Ill. 417, 186 N.E. 152. Within such rule the causes of action are not the same.

■■ Upon the circumstances before us, defendant cannot successfully interpose the defense of estoppel by verdict, sometimes called collateral estoppel by judgment. (*Cohen v. Schlossberg,* 17 Ill.App.2d 320, 150 N.E.2d 218.) In *Harding Co. v. Harding,* 352 Ill. 417, 186 N.E. 152, such form of estoppel was limited to the language: "When the second action between the same parties is upon a different· cause of action, claim or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined." See also *City of Chicago v. Provus,* 115 Ill.App.2d 176, 253 N.E.2d 182.

In the divorce proceedings, plaintiff asserted joint ownership in the property and sought relief upon equities resulting from the marital status. Such relief is statutorily distinct from the right of partition. Thus there is neither identity of cause of action supporting the defense of *res judicata* nor an actual litigation upon the merits of her interest in the real estate within the rule of collateral estoppel by judgment.

Defendant cites *Harding Co. v. Harding,* 352 Ill. 417, 186 N.E. 152; *Allendorf v. Daily,* 6 Ill.2d 577, 129 N.E.2d 673, and *Bandringa v. Bandringa,* 20 Ill.2d 167, 170 N.E.2d 116. These cases cited by the defendant are consistent with the principles adopted here. In each of the latter cases, there had been a specific issue determined upon the merits in litigation between the same parties.

The second defense is that the money with which the property was purchased belonged to the defendant and that plaintiff did not acquire the normal rights of a joint tenant because defendant had no intention of making a gift to plaintiff. Plaintiff contends, however, that where a husband places money in a joint bank account with himself and his wife or purchases real estate in their names as joint tenants, there is a presumption of a gift which is rebuttable only by clear and convincing evidence. Plaintiff contends that no such clear and convincing evidence was presented.

The only evidence offered to rebut the presumption of gift in the matter of taking title to the real estate in joint tenancy is the testimony of the defendant that he intended that if he died it would become her property and he did not consider her half owner when he put it in her

name, that he did not own any other real property anywhere and that he did not intend to make a gift. He stated that he did not advise her that he was not making a gift because that would not be diplomatic. The plaintiff testified that she was never told any specific reason for placing the property in joint tenancy, and she was not told it was not hers.

It has been held that a wife having an interest as joint tenant with her husband in a homestead is entitled to partition, that the motive for seeking partition is irrelevant, that considerations of harm to the family unit and irreparable hardship to the children are irrelevant, and that in the absence of fraud or coercion attending the creation of the tenancy, subsequent acts of misconduct on the part of either spouse afford no basis for denying relief. (*Heldt v. Heldt*, 29 Ill.2d 61, 193 N.E.2d 7.) In *Bruin v. Bruin*, 72 Ill.App.2d 51, 219 N.E.2d 68, where a banker who took a mortgage on the property testified that he suggested that the property be placed in joint tenancy, the court found the evidence insufficient to rebut the presumption of gift and said: "The law has long been established that where property is taken in the joint names of the husband and wife, and the consideration is furnished by one of them, there is a presumption of a gift from the one furnishing the consideration to the other. That presumption can be overcome only by clear, convincing and unmistakable evidence that no gift was intended." The *Bruin* case follows the holding of the Supreme Court of Illinois in *Baker v. Baker*, 412 Ill. 511, 514, 107 N.E.2d 711. It should be noted that in the *Baker* case the Supreme Court gave no weight to what it termed self-serving declarations of intent made long after the fact of transfer. Similar inferences of intent have been found where a statutory joint tenancy was created in a building and loan account between father and daughter (*In re Estate of Liberio*, 43 Ill.App.2d 261, 193 N.E.2d 482), and where a statutory joint bank account was created by two half sisters (*In re Estate of Lackie*, 51 Ill.App.2d 156, 201 N.E.2d 180). The same principle has been applied to improvements placed by the husband on property held in joint tenancy with his wife. *Maciejewski v. Jarzombek*, 243 Ill. 136 on 139, 90 N.E. 231.

Defendant cites *Scanlon v. Scanlon*, 6 Ill.2d 224, 127 N.E.2d 435, as an exception to this rule and contends that the present case is similar. We do not agree. In *Scanlon* all real estate was conveyed to the wife, and it was the husband's entire estate. Subsequently, in other affairs, the husband and wife treated other property as equally shared. There was evidence that the reason for the conveyance of the entire title was an attempt to avoid the consequences of bankruptcy. *The husband only sought a resulting trust of one-half of the property.* He also sought one-half of a $3,500.00 joint savings account which the wife had with-

drawn. The court found, from all the circumstances, that the husband did not intend to give away his entire estate. Here the parties placed the property in joint tenancy which in effect was placing a half ownership in each. This is not the equivalent of giving away one's entire estate. There was no outside circumstance such as an impending bankruptcy to give color to the intent in placing the whole title in the wife. In the cited *Bachseits v. Leichtweis*, 256 Ill. 357, 100 N.E. 197, the suit was between a husband and the wife's heirs. The husband had placed title entirely in the wife, had bought the property with his funds, and had made improvements and exercised dominion over the property. The wife, during this time, referred to the property as belonging to the husband and never claimed it as her own.

■■ We hold that there must be something more than an assertion of a claim unsupported by any external evidence, after 19 years of joint ownership and occupancy by a husband and wife to rebut the presumption of gift. We think there is much reason in this presumption, and especially where it is not even claimed that the intention to assert complete ownership was ever communicated to the wife, it can well be argued that in continuing as a housewife and making no effort to provide for herself she has changed her position in reliance upon the fact of joint ownership.

We note also that there is nothing in the pleadings or prayer for relief with regard to the bank accounts. Neither is there sufficient detail in the evidence with reference to handling of these accounts for us to make any determination with reference to tracing of these funds. The evidence that was adduced would indicate that the joint checking account was a matter of joint convenience, its use among others being for purchase of groceries and household supplies. We have based our holding upon the assumption that the defendant husband's money was used to purchase the home, make improvements and pay off the mortgage, all of which was done before the separation.

■■ We are brought to the alternative defense that since the separation and refusal to live with the plaintiff, defendant subsequently paid taxes and insurance to preserve the property. Generally where one tenant in common relieves the property of a burden, pays a lien or pays taxes he is entitled to contribution from the other tenants in common. (*Carter v. Penn.*, 99 Ill. 390, 395; *Wilton v. Tazwell*, 86 Ill. 29, 31; *The Illinois Land and Loan Co. v. Bonner*, 75 Ill. 315, 329; *Titsworth v. Stout*, 49 Ill. 78, 80.) We find that subsequent to the refusal of the defendant to live with plaintiff and his assertion of complete dominion over the property, there is no presumption of gift in paying the taxes and insurance upon the property and that defendant is entitled to contribution of one-half of

these expenses subsequent to 1962. We find he is also entitled to interest on one-half of the sums paid from the time of payment. No issue was raised by pleading or presented to the trial court as to plaintiff's right as cotenant to determine her share of the rent or value of the premises during the period in which she was excluded from possession or use. Equitable consideration suggests that the trial court should hear evidence and determine the respective rights and interests of the parties arising by reason of defendant's sole use and maintenance of the property.

For the foregoing reasons the decree of the circuit court is affirmed upon the judgments that plaintiff and defendant are each owners of an undivided one-half interest in the property and that plaintiff is entitled to partition, but is reversed in respect to the failure to determine the rights and interests of the parties upon an accounting for the sole use and maintenance of the real estate by the defendant. The cause is remanded for proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part and remanded.

SMITH, P. J., and CRAVEN, J., concur.