FIELD *v.* STEINER.

1. FRAUD—EXPRESSION OF OPINION—EXISTING FACT.

Representation of seller's agent as to value of farm sold is mere expression of opinion, but representation that certain farms in that locality had been sold for certain price per acre was representation of existing facts, and, if untrue, is actionable.

On the question as to liability of wife for tort of husband, see annotation in 12 A. L. R. 1459.

On creation of tenancy by the entireties, see annotation in 30 L. R. A. 305.

2. SAME—RELIANCE ON REPRESENTATIONS—QUESTION FOR JURY.

In action for fraud in exchange of real estate, where there was testimony that plaintiff did not rely on representations made to her as to value of farm conveyed to her, but that she undertook an independent investigation in company with an experienced farmer familiar with land values, to what extent, if any, she relied on said representations was question for jury.

3. TRIAL—DAMAGES—FRAUD—INSTRUCTIONS.

Where, in action for fraud in exchange of real estate, there was evidence that both parties inflated the value of their properties, and that plaintiff knew that value placed on farm conveyed to her on contract was trading value, defendants were entitled to instruction as to distinction between contract price and represented value as basis in fixing plaintiff's damages.

4. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—FAILURE TO GIVE REQUESTED INSTRUCTION.

In action for fraud in misrepresenting value of farm sold to plaintiff on contract, it was reversible error for the court to fail to give requested instruction that if plaintiff understood that contract price was inflated trading price and was not represented by defendants' agent as its true value, such distinction in price should be considered in fixing plaintiff's damages, especially where verdict indicates that contract price was adopted as value represented.

5. HUSBAND AND WIFE—FRAUD—ESTATES BY ENTIRETIES—LIABILITY OF WIFE.

In action against husband and wife for fraud of agent in sale of farm owned by them by entireties, denial of motion for directed verdict in favor of wife is affirmed, on review, by equally divided court.

Error to St. Clair; Robertson (William), J. Submitted October 23, 1929. (Docket No. 158, Calendar No. 34,631.) Decided June 2, 1930. Rehearing denied October 3, 1930.

Case by Elsie V. Field against Aaron Steiner and Louise Steiner for fraud in exchange of real estate. From a verdict and judgment for plaintiff, defendants bring error. Reversed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Cady & Pepper,* for defendants.

McDONALD, J. The defendants have brought error to review a judgment of $9,517 in an action for fraud and deceit growing out of a contract for the purchase of a farm. The plaintiff owned a house on Gunston avenue in the city of Detroit, Michigan. The defendants owned a farm consisting of 140 acres in St. Clair county. An agreement was reached through the agency of one Albert Erndwein, with whom Mr. Steiner had listed the farm, by the terms of which the plaintiff bought the farm for a consideration of $24,000, which included the stock and tools, valued at $3,000. The defendants accepted a deed of the Gunston avenue property as a down payment of $8,000. The balance of the purchase price, amounting to $16,000, was to be paid in deferred payments over a period of years. The plaintiff and her husband went into possession of the farm in April, 1927, and operated it until March, 1928, when they concluded they had been defrauded, and began this suit to recover damages. The declaration charged various fraudulent representations relative to the value of the farm, its condition and productivity, but, by the time the case reached the jury, the principal issue on the question of fraud was the representation of the agent that the farm was the best in Michigan, that none of the farms in the locality of the Steiner farm could be purchased for less than $200 an acre, that some had been sold for that price, that the Mitchell farm of 40 acres had sold for $8,000, and that the Ward farm of 100 acres had sold for $20,000.

The agent's statement as to the value of the farm may be treated as a mere expression of opinion but

his representation that certain designated farms in that locality had been sold for $200 an acre was a representation of existing facts, and, if untrue, is actionable. *Sutton* v. *Benjamin,* 231 Mich. 153.

The plaintiff claims that she was wholly without experience in farming, that she had no knowledge of farm values, that she believed the representations made to her, relied on them in purchasing the farm, and was deceived thereby. The defendants contend that she did not rely on them, that, after the representations had been made, she undertook an independent investigation in company with Mr. Field, who was an experienced farmer, familiar with land values. To what extent, if any, she relied on the representations, was a question for the jury, and the trial court correctly so held.

Of the errors assigned, the one of greatest merit relates to the refusal of the court to give the following request to charge:

"In determining what the defendants, or either of them, represented the farm was worth, you will therefore take into consideration the kind of a deal that was contemplated, viz., a partial exchange of lands, payments by the plaintiff on a deferred installment basis, immediate possession and use of the properties exchanged to be transferred to the parties purchasing the same, and to what extent, if any, the prices each party fixed on their respective properties were inflated above a strictly cash basis for the purpose of this transaction. From a consideration of all of the facts you may find what the defendants or either of them represented the true cash market value of the farm to have been on the date mentioned."

There is evidence that the plaintiff inflated the value of her house and that the defendants did the

same with their farm, and that the plaintiff knew the value placed on the farm by defendants was a trading value.

Mr. Steiner testified:

"I never gave her any price. It all depended whether it was cash or whether it was contract or what it was I had to start on.

"She told me that she wanted to pay by contract, she didn't have no money except that house and she wanted to pay the difference by contract, and I told her I had not thought of selling by contract, but by contract this house—or this farm—would cost more than a money sale. * * * And I told her if I would look at the house I might think the house is priced too high; and before that she wanted me to price the farm and I told her I would not price the farm because when I saw the house I might think it priced too high. She never asked me for a price after that. The price that I was going to put on the farm might be controlled to a certain extent by what I found at the house. I would price the farm in proportion to the house."

This testimony entitled the defendants to an instruction as to the distinction in this case between contract price and the represented value. The contract price, exclusive of stock and tools, was $21,000. The plaintiff claimed that this price was the value of the farm as represented. The defendants claimed that it was an inflated price for trading purposes and was so understood by all parties. If the fact that it was an inflated value was known to the plaintiff, she was not deceived thereby, and it could not be used as a basis for damages. But to the plaintiff it would be a representation of actual value if she had no knowledge that it had been inflated. *Hull* v. *Hostettler*, 224 Mich. 365.

Undoubtedly the fact that the contract price was considerably in excess of the actual value greatly influenced the jury in arriving at their verdict. They seem to have adopted the contract price as the value represented. The verdict of $9,517 so indicates. The court instructed them that they could consider the high price in making up their verdict, but that it was not of itself evidence of fraud. In that connection he should have instructed them in regard to the defendants' claim of inflated values, which was an important element in their defense. It was called to the attention of the court in various requests, but was not given and was not covered in the general charge. Failure to instruct the jury on this question was harmful to the defendants and constitutes error for which the judgment must be reversed.

Another question requires discussion. Error is assigned on the refusal of the court to direct a verdict in favor of Mrs. Steiner. In refusing to do so the court erred.

The two defendants were husband and wife. They held title to the farm by the entireties. It was not her separate property. Neither her husband nor the agent was authorized to act for her in selling the farm. She made no representations. But she signed the contract. The question is whether, in the circumstances, she is liable for the fraud of her husband or agent. The trial court held her liable on the theory of ratification.

Under the contractual disabilities to which a married woman was subject at common law, she could not act through an agent; she was not liable for the torts of her husband and could not bind herself by ratification. Modern statutes have removed her common-law disability to the extent that she now can contract in regard to her separate estate. She can

act through her husband or agent in relation thereto. She is responsible for their torts while acting for her, and can bind herself by ratification of their unauthorized acts. In other words, a married woman is now liable for the torts of her husband or agent only when he is acting in respect to her separate property. 1 Mechem Agency (2d Ed.), §§ 148 and 372; 13 R. C. L. p. 1226; 12 A. L. R. 1455, note.

In the instant case, the wife had no separate interest in the farm. She was not liable for the torts of her husband or of the agent. She could not authorize them to act for her, and therefore no liability attaches unless it can be said that she ratified the fraud.

It is not claimed, and in view of the evidence cannot be claimed, that Mrs. Steiner had any knowledge of the misrepresentations made by the agent. Without such knowledge there could be no ratification. The following excerpt from *Brown* v. *Wright,* 58 Ark. 20 (22 S. W. 1022, 21 L. R. A. 467), correctly states the law here applicable:

"A preponderance of the evidence does not, in our judgment, show that when she received the purchase money for the hotel she knew that a false representation had been made to effect its sale, and without such knowledge her acceptance of the money was not a ratification of the fraud. 1 Mechem Agency, (1st Ed.), §§ 113, 148; *Lyon* v. *Tams,* 11 Ark. 189, 205.''

In *Rowley* v. *Shepardson,* 83 Vt. 167 (74 Atl. 1002, 138 Am. St. Rep. 1078), the action was to recover damages for fraud in the sale of a farm, the title to which was in the wife. The court said:

"It fairly appears from the record that the farm in question was not the wife's separate prop-

erty, and therefore her responsibility is to be meas-
ured not by the statute enlarging the powers of
married women (P. S. 3037), but by the common
law. There was evidence tending to show that Mrs.
Shepardson had given her husband full authority
to transact this business in her behalf; and beyond
this assuming the evidence to be as strong as the
plaintiff's claim, that she with knowledge of the
misrepresentations made by her husband in nego-
tiating the sale accepted and appropriated the whole
or a part of the consideration money and thereby
ratified the sale as made, yet she is not liable at
common law for the tort, it being based on her con-
tract and not a tort simpliciter."

Other questions do not require discussion. The
judgment is reversed, and the cause remanded for
a new trial as to defendant Aaron Steiner, and the
entry of a judgment of no cause in favor of Louise
Steiner. The defendants will have costs.

Wiest, C. J., and Butzel, J., concurred with Mc-
Donald, J. Potter, J., concurred in the result.

Sharpe, J. (*concurring in part*). In my opinion,
Mrs. Steiner was not entitled to have a verdict di-
rected in her favor. She knew that Erndwein was
acting for herself and her husband in the sale of this
property. He brought the plaintiff to her home, and
they there talked about it, although she made no
representation as to its value. He prepared the con-
tract first executed, came to their home with it, and
she and her husband accompanied him to the place
where it was signed by them. In it they agreed "to
pay to Albert Erndwein a commission of $800." If,
by the false representation made, she and her hus-
band as tenants by the entireties received a sum in
excess of its value, represented by property con-

veyed to them by the plaintiff, in exchange therefor, she cannot avoid a joint liability with her husband to the plaintiff by reason of the marriage relation. Erndwein was not the agent of Aaron Steiner alone. Any contract relating to the sale of the property held by them by the entireties must have been made by them jointly. The formality of requiring the agency contract to be in writing was not required by Erndwein, but, when the contract of sale to plaintiff was executed, they both signed it and in it agreed to pay their agent who brought about the sale a commission of $800.

Husband and wife are the only persons who can be tenants by the entireties. An estate thus created cannot be severed by the act of either. Neither of them has such an interest therein as may be conveyed to a third person. Any increase in value inures to the benefit of the joint estate. If the fraud here claimed be established, the value of the estate so held has been increased, and, if so, in my opinion, the liability to respond therefor is a joint one, and any judgment recovered may be satisfied out of any property held by them by the entireties. *Sanford* v. *Bertrau,* 204 Mich. 244. If not, and the husband owns no other property, the person defrauded is without remedy.

Had the fraud been committed by representations made by the plaintiff to Erndwein or the husband, both husband and wife could have joined in an action to recover the damages incident thereto. *Aldrich* v. *Scribner,* 146 Mich. 609. Surely, a married woman, who holds lands by the entireties jointly with her husband, should not be so favored in the law as to permit recovery of a joint judgment in such a case and be immune from liability with her husband where the joint estate has been benefited by the

fraud. There was no error in submitting the question of the wife's liability to the jury.

I find no authority directly in point. Those cited by Mr. Justice McDONALD have reference to the liability of the separate estate of the wife. I concur, however, in reversal, and the granting of a new trial for the reasons stated by him.

CLARK, NORTH, and FEAD, JJ., concurred with SHARPE, J.