STROHM *v.* KOEPKE.

1. TENANCY IN COMMON—CONTRIBUTION—EQUITY.
   The doctrine of contribution between cotenants is based upon purely equitable considerations and is premised upon the proposition that equality is equity.

2. SAME—LIEN FOR EXPENDITURES—EQUITY.
   A co-owner of property is entitled to a lien for expenditures made beyond his just proportion, where such action would not be inequitable.

3. SAME — PARTITION — ACCOUNTING — EQUITY — ADVANCEMENTS—IMPROVEMENTS.
   Decree in suit for partition and accounting as to a 12-acre tract of land whereby it was ordered that partition be made and the property sold, that defendant, the foster mother of 2 plaintiff women, was allowed $1,500 for advancement on purchase price and for improvements and the remainder of the proceeds divided equally, each receiving 1/3 thereof, is not disturbed as being inequitable under record presented.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted April 10, 1958. (Docket No. 34, Calendar No. 47,439.) Decided June 12, 1958.

Bill by Alice M. Strohm and Christine Redecker against Anna Koepke to establish interest in real property, for accounting and partition. Decree for plaintiffs. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Cotenancy § 43.
[2] 14 Am Jur, Cotenancy § 44.

*Sheldon Rupert,* for plaintiffs.

*Wesley I. Young* and *John Verdonk* (*Lewis R. Williams,* of counsel), for defendant.

SMITH, J. This is an action for partition and accounting with respect to some 12 acres of land near Hartford, Michigan.

The property had been purchased on land contract by Walter W. Durfee on December 20, 1923. The defendant, now Anna Koepke, was his wife. Walter passed away approximately 6 years thereafter, at which time the land contract was still unpaid. He left surviving him, as his heirs-at-law, his widow, the said Anna, defendant herein, and 2 minor adopted children, the plaintiffs. The children (the record is not clear as to their ages at that time; the chancellor describes them as 10 and 15 years of age) went to live with their natural father, in Iowa, the following year. They have never returned. In fact, for the next 23 or 24 years there was no communication of any kind between foster mother and daughters.

Defendant Anna was appointed administratrix of the estate, the inventory of which disclosed the property in question. While still so acting she obtained from the vendors a deed in her own name, to the exclusion of plaintiffs herein, not informing them thereof, mortgaging the property to secure funds for this purpose, following which she dealt with the property as her own. She pleads that, having acquired title, she "released 1/2 of her interest" to her second husband who, however, joined as a party defendant by court order, suffered his default to be taken. She lived on the property and availed herself of its fruits and profits. Her request to the plaintiffs in 1954 for a contribution to help on the taxes, which was not forthcoming, was followed, in

December of that year, by this bill for partition and accounting.

The proofs do not disclose that degree of financial accuracy normally found in bills for accounting. This seems to have been due primarily to the indifference, recalcitrance, and contumacy of the defendant. Having pleaded that the land sought to be partitioned was not hers absolutely, but subject to "the mortgage and interest of Herbert Koepke" (her husband), the trial chancellor comments that, "Her stock answer to any question pertaining to his interest in the land, or concerning any allegations made by either party in prior proceedings between them,* was that she did not remember." Ordered to make a full disclosure of her financial affairs, the court commented that her "accounting for income has been inadequate, and certainly not in the spirit intended by the court order, which required her cooperation." We do not find in the exhibits her income-tax reports, which she was ordered to disclose, and appellees assert that she has refused to supply them. Her so-called "account book" is obviously compiled from other records and neither we nor the trial chancellor feel "impressed with the weight of this evidence." Her claims for moneys spent in discharging the mortgage, and for improvements made, are countered by appellees' claims of ouster and showings of the fair rental value of the premises over the years in question. The claims of each would, as the trial chancellor put it, "either wipe out or substantially wipe out the value of the entire property." Upon the record so made the trial chancellor ordered that partition be made and the property sold, that defendant be reimbursed for $1,000 advanced by her for the original purchase, and, in addition, for $500 worth of improvements, and the

---

* This reference is to some 11 divorce actions commenced between the defendant and her husband over a period of years.

remainder of the proceeds divided equally between appellees and appellant, with each receiving 1/3 thereof.

Defendant alleges error in that the trial chancellor refused her reimbursement for payment of the mortgage placed upon the property, interest on the mortgage, taxes, and insurance. In support thereof we are cited to 14 Am Jur, Cotenancy, § 44, p 110, wherein it is stated that a co-owner who has discharged an obligation burdening the common property is entitled to a lien for any amount he had paid beyond his just proportion. In addition we are cited to *Campbell* v. *Campbell*, 21 Mich 438, wherein we held that a widow who paid off a mortgage lien was entitled, upon partition, to compensation for the sum over and above her proportion thereof. In short, defendant complains of unfairness and inequity, saying, "It would be highly inequitable for the plaintiffs to profit themselves through the efforts of the appellant without the appellees being required to reimburse the appellant for having saved the inheritance."

This appeal having been pitched upon the high ground of equity done and equity demanded, we are content there to let it rest. The doctrine of contribution between cotenants is based upon purely equitable considerations. It is premised upon the simple proposition that equality is equity. It is not, however, enforced unless reason and justice require that each of the cotenants contribute his proportionate share of the common burden. Thus the 14 Am Jur 110 citation relied upon by appellant (to the effect that a co-owner is entitled to a lien for expenditures made beyond his just proportion) is qualified precisely as we have indicated, *i.e.*, a co-owner is accorded such lien in all cases "where such action will not be inequitable." Nor does the *Campbell Case,* likewise cited to us by appellant, derogate

in any way from this principle, since it was shown in that case that the widow, though taking the deed in her own name (p 444), "did so with the idea of securing the rights of the children as well as her own, without any intention of ultimately claiming the title in fee as against any of them."

Here, on the contrary, defendant, having acquired legal title in her own name, in fact while acting as administratrix, has denied the children's title, has appropriated to herself the use and occupancy of the property, its profits and avails, and has stubbornly refused to come to any true accounting with her co-owners, having, as the trial chancellor put it, "been somewhat of a law unto herself in refusing to obey the orders of this court." She is in a poor position to assert that she has been unfairly treated, and in the light of her *bona fides,* and the proofs tendered by each of the parties, the contrary would seem to be the case. The children are entitled to partition and we are not persuaded of error in the chancellor's refusal to reimburse beyond the sums granted.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, ED-WARDS, VOELKER, and KAVANAGH, JJ., concurred.