William B. Brennan, Jr., J.
In this consolidated action, the plaintiff seeks (1) dissolution of an alleged partnership between her and her husband, the defendant, together with an accounting, and (2) judgment for one half of the payments allegedly made by her since January 1, 1963, for carrying, maintenance and utility charges pertaining to the marital home held by the entirety.
The parties are no strangers to litigation. The husband brought an action for separation against the wife in 1961 and she counterclaimed for separation. That engagement resulted in a judgment dismissing both the complaint and the counterclaim. It is an interesting sidelight that the court found that the evidence ‘ ‘ would warrant granting the wife a separation were it not for the fact that her own testimony * * * [and other evidence] * * * substantiate the husband’s claim that she has been guilty of misconduct in her attitude and actions toward him.”
One of the grounds for separation alleged in her counterclaim, verified in July, 1961, was that from about 1950 the plaintiff, besides continuing his employment as a teacher, “ did become engaged in business for himself in the business of commercial art; and that from said time plaintiff devoted his time outside of his high school teaching exclusively to work and affairs of *1047 his said commercial art business to the detriment of his family.” She further alleged that despite her protests ‘[1] plaintiff did in August, 1960, state his determination not to curtail his said work or activity no matter what the consequences to his family.”
In the instant litigation, the plaintiff claims that she entered into the commercial art business as a partner with her husband in 1952. No certificate of partnership was ever filed. On the contrary, an individual trade name certificate was filed by defendant. Nor does the use of a joint bank account established in the name of the-business tend to prove a proprietary interest of plaintiff in the business, since the account was used extensively and indiscriminately for household and nonbusiness purposes and received deposits from nonbusiness sources. Moreover, this is the same business which, in 1961, she attributed to her husband alone. Her testimony as to isolated alleged services in connection with the business is not consonant with her earlier claims and is vague as to both time and detail. If there were instances of deliveries, or other services, they were sporadic and more consistent with a rare effort at marital co-operation than with a proprietorship interest. Clearly, she never solicited any business and, equally clearly, she was occupied herself as a full-time teacher during the period in question with the attendant obligations of raising two children and taking care of a home. The finding on this record is that she neither toiled nor spun in the commerical art business and that her present claim, first asserted in May, 1963, after she was denied a separation, is founded on gamesmanship rather than partnership. The complaint in the Supreme Court action is dismissed on the merits.
The remaining litigation relates to the home still owned by the parties by the entirety, of which the plaintiff has heretofore claimed exclusive possession during all of the times referred to in this complaint — which in fact she has enjoyed.[1] As stated at the outset, plaintiff seeks contribution from defendant of *1048 one half of the payments allegedly made by hpr since January 1, 1963 for carrying, maintenance and utility charges. The defendant counterclaims for money damages by reason of his effective exclusion from the enjoyment of the premises[2] but has offered no proof of the alleged damages arising therefrom. Consequently, the counterclaim is dismissed.
He also urges his exclusion from the premises as a defense. The question thus becomes one of his liability to contribute for the carrying, maintenance and utility charges incurred in connection with the premises owned by the entirety during the period in which any possibility of his possession and enjoyment of the premises has been completely negated.
The plaintiff strongly urges Sirianni v. Sirianni (14 A D 2d 432) in support of her claims. There, the husband, following a divorce obtained by him, sought partition of property owned by the parties during their marriage as tenants by the entirety. Between May 22, 1954 (when the wife committed an act of adultery as later found by the court) and November 1, 1955, when the divorce decree became final, the wife was in sole possession and occupancy of the premises to the exclusion of the husband. The Referee’s finding, confirmed by the Special Term, was “ that for the husband to seek access to the premises under the circumstances which then existed would have been to invite violence and, therefore, that the husband was effectively excluded from the marital residence of the parties since May 22, 1954 ” (14 AD 2d 432, 434-435).
In that case, the husband, out of possession, paid mortgage amortization and interest, and taxes and other items during the period from May 22, 1954 to November 1, 1955. Of these payments the court noted that they ‘' were not made by him out of love or affection for the wife; nor were they intended in any way as gifts to her”, (p. 435.) The wife contested only the husband’s right to contribution on account of the expenditures made by him during the existence of the marriage, the divorce decree having concededly converted the tenancy by the entirety into a tenancy in common (Stelz v. Shreck, 128 N. Y. 263). It is in this context that the court stated (p. 438):
‘1 During the existence of the tenancy, a tenant by the entirety may recover from his cotenant his just proportion of the rents *1049 and profits of the property so held (Niehaus v. Niehaus, 141 App. Div. 251; Maekotter v. Maekotter, 74 Misc. 214). In determining the amount due, the court may take into account and charge against receipts, the carrying charges of the property (cf. Martos v. Martos, 206 Misc. 860). And in an action for partition, the court may always adjust the equities of the parties in determining the distribution of the proceeds of sale. In so doing the court may take into account moneys received and moneys expended by any of the cotenants during the ownership of the property; and any expenditure made by one of the tenants in excess of his share of the obligations is a charge against the interests of his cotenants (Goergen v. Maar, 2 A D 2d 276).
‘ ‘ In the instant case, the evidence adduced completely negated any presumption which might otherwise have existed that the expenditures by the husband while he was excluded from the marital residence and prior to the final judgment of divorce were intended as gifts to the wife; and there is no evidence op claim that they were made in discharge of his marital obligations. Concededly, the husband was not a mere volunteer, since the payments which he made protected his own interest in the common property.”
In the case at bar, the tenant by the entirety who is enjoying exclusive possession and contesting the cotenant’s right to use or enjoyment of the premises has made the payments involved not only to protect her own interest in the common property, but to insure her own enjoyment and use thereof without any compensation to the co tenant kept out of possession. This is not a difference without consequence and the authorities must be read with that difference and with all the circumstances in mind.
It may be taken as the general rule that a tenant by the entirety cannot be successfully sued for rent by a co tenant (see Matter of Limberg, 281 N. Y. 463, 465, involving a tenancy in common). “ That general rule is, however, subject to the exception that where there is an ouster, or acts amounting to a denial of the rights of cotenants, the tenant in possession may be charged with rental. (Zapp v. Miller, 109 N. Y. 51; Adams v. Bristol [126 App. Div. 660, affd. 196 N. Y. 510].) ” (Matter of Limberg, p. 465; see, also, Kullman v. Wyrtzen, 266 App. Div. 791 and 802).
Clearly, the plaintiff is entitled to contribution for all reasonable payments necessarily made by her to preserve the interests of the parties in the property, such as those for mortgage principal and interest, for taxes, and for fire insurance premiums, *1050 failure to pay any of which would (or could) result in a loss of the property by mortgage foreclosure. She is not so entitled for utilities whose sole purpose was obviously the sole convenience of the plaintiff, nor to general maintenance charges, not applicable to the preservation of the property. Equally clearly, the denial of the husband’s rights to occupancy have been so complete that the only redress under the circumstances of the case and the prior determinations of the court relative to occupancy is to subject the tenant in possession to a charge for the reasonable rental value of the house as a matter of offset. On the record before the court, that rental value exceeds the amounts paid for mortgage principal, interest, taxes, fire insurance and like items properly chargeable to both tenants by the entirety. The consequence is that the plaintiff has failed to establish her cause of action and the complaint instituted in the District Court must be dismissed.

. The judgment dismissing the separation complaint and counterclaim made no express provision for exclusive occupancy but did grant the husband visitation rights “ away from the residence of defendant [wife] ”. On a subsequent motion to enjoin the wife from interfering with the husband's entry into the residence owned by the entirety, and cross motion for exclusive possession, the result (January, 1964 memorandum) was a denial of both applications, the court then stating “No useful purpose will be served by admitting plaintiff [husband] to the house and thereby renewing the turbulence, or by awarding defendant [wife] exclusive possession of the premises.” This maintenance of the status quo could and did have only one consequence, to perpetuate the factual situation which was wife in sole possession and husband unable to use or reside at the premises.

. Cf. Kullman v. Wyrtzen (266 App. Div. 791 and 266 App. Div. 802, 803). " But a tenant in common or a tenant by the entirety is not'liable to his cotenant for use and occupancy, except where one tenant occupies the premises to the exclusion of the other.” Ouster may, of course, be inferred from the circumstances of the case (Landes v. Landes, 129 Misc. 10, 12, affd. 222 App. Div. 668).