## TKACHIK v MANDEVILLE

Docket No. 280879. Submitted January 6, 2009, at Detroit. Decided February 5, 2009, at 9:05 a.m. Leave to appeal sought.

Janet E. Mandeville executed a trust and a will that expressly indicated her intent not to give any property to her husband, Frank Mandeville, Jr., who had been absent and with whom she had had little contact for the 18 months before her death. The will appointed her sister, Susan Tkachik, as personal representative. Following Janet Mandeville's death, Frank Mandeville petitioned the Macomb County Probate Court for probate and sought to set aside the will and trust. The court, Pamela G. O'Sullivan, J., granted Tkachik's motion for summary disposition on the ground that Mandeville had been absent for more than a year and under MCL 700.2801(2)(e)(i) was not considered a surviving spouse. Tkachik subsequently filed a complaint in the probate court, seeking a determination that the court's ruling that Mandeville was not a surviving spouse terminated the Mandevilles' tenancies by the entirety in two properties. The court concluded, however, that its ruling on the surviving-spouse issue had not terminated those tenancies. Tkachik amended her complaint to seek contribution for various property-related expenses that the decedent had paid during her spouse's absences. The court granted Mandeville summary disposition. Tkachik sought leave to appeal, which the Court of Appeals denied. The Supreme Court, on reconsideration of Tkachik's application for leave to appeal in that court, remanded the case to the Court of Appeals for consideration as on leave granted. 480 Mich 898 (2007).

The Court of Appeals *held*:

If a married couple owns property as tenants by the entirety, upon the death of one spouse, the decedent's estate cannot claim contribution from the surviving spouse with respect to the property under a theory of unjust enrichment. The surviving spouse only receives that which he or she is given by operation of law: ownership of the whole property. This includes all previously incurred property-related expenses paid by either spouse. A divorce ends a tenancy by the entirety and creates a tenancy in common, which permits each spouse to obtain an equal share of

the property that the spouse may then devise or alienate as he or she wishes. The Mandevilles remained legally married, however. While Tkachik argued that Mandeville's absence in the 18 months preceding his wife's death and their lack of communication created a de facto divorce that terminated the tenancies by the entirety, this would be tantamount to a posthumous divorce. Courts do not have jurisdiction to render a divorce judgment and distribute jointly held property after the death of one of the parties. The probate court properly granted Mandeville summary disposition.

Affirmed.

1. TENANTS BY THE ENTIRETY — CONTRIBUTION — DECEDENTS' ESTATES — UNJUST ENRICHMENT.

   The estate of a deceased spouse cannot, under an unjust enrichment theory, claim contribution from the surviving spouse with respect to property held as tenants by the entirety.

2. TENANTS BY THE ENTIRETY — DIVORCE.

   A divorce ends a tenancy by the entirety and creates a tenancy in common (MCL 552.102).

*Penzien Hirzel, PLLC* (by *Charles M. Penzien*), for the plaintiff.

*Cashen & Strehl* (by *William K. Cashen*) for the defendant.

Before: MURPHY, P.J., and K. F. KELLY and DONOFRIO, JJ.

K. F. KELLY, J. This matter comes before us on remand from our Supreme Court. Initially, plaintiff filed an application for leave to appeal in this Court, seeking reversal of the probate court's judgment granting summary disposition for defendant on plaintiff's claim for contribution. This Court denied leave to appeal.[1] Subsequently, our Supreme Court, on reconsideration of plaintiff's application for leave to appeal in

---

[1] *Tkachik v Mandeville*, unpublished order of the Court of Appeals, entered November 16, 2006 (Docket No. 270253).

that Court, directed us to consider "whether a contribution claim against the defendant, based on an unjust enrichment theory, is appropriate under the facts of the case." *Tkachik v Mandeville*, 480 Mich 898, 899 (2007). Because we hold that a contribution claim predicated on a theory of unjust enrichment for expenses incurred in connection with property held as tenants by the entirety is not appropriate when brought by the decedent's estate against the surviving spouse, we affirm the probate court's grant of summary disposition for defendant.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant and decedent Janet Mandeville married in 1975 and remained married until decedent's death. In 1984, defendant and decedent purchased a single-family residence in Macomb County, Michigan. The property was titled in the name of "Frank Mandeville, Jr.[2] and Janet Elaine Mandeville, his wife." Later, in 1987, defendant and decedent purchased another parcel of property located in Ogemaw County, Michigan. This property was titled in the name of "Frank Mandeville, Jr. and Janet E. Mandeville, husband and wife." Defendant and decedent held both properties free and clear of any lien or encumbrance until 1999, when defendant and decedent jointly mortgaged the Macomb property, obtaining a loan in both their names for $200,000.

Decedent died on July 13, 2002, of breast cancer. Defendant had been absent and had had infrequent contact with decedent for the 18 months before decedent's death.[3] Despite defendant's absence, decedent

---

[2] There is a notation on the deed that defendant was "a/k/a Frank Mandeville."

[3] Although it is unclear from the record, plaintiff alleges that defendant was absent from the marriage and the properties for extended periods,

and defendant never sought a divorce or separation, nor did decedent file an action for family support based on spousal abandonment. According to an affidavit of decedent's close friend, neither decedent nor defendant considered their marriage to be terminated.

Several weeks before her death, decedent executed a trust and a will, both of which contain the following language: "It is my specific intent to give nothing to my husband . . . . If I am survived by my husband, . . . he will be deemed to have predeceased me." Decedent's will appointed her sister, Susan Tkachik, who had cared for decedent during her illness, as personal representative of her estate.

About five months after decedent's death, defendant filed a petition for probate and also a complaint seeking to set aside decedent's will and trust. Plaintiff Susan Tkachik moved for summary disposition, arguing that defendant should not be considered a surviving spouse pursuant to MCL 700.2801(2)(e)(*i*) because defendant had been absent from decedent for more than a year. In October 2003, the probate court granted plaintiff's motion, thereby dismissing defendant's complaint.

On November 10, 2003, plaintiff filed a complaint seeking a determination that the probate court's previous ruling that defendant was not a surviving spouse operated to destroy the tenancies by the entirety, meaning that the two properties were held by defendant and the estate as tenants in common. Specifically, plaintiff alleged:

> That when [the probate court] determined that [defendant] is not a surviving spouse, the tenancy by the entireties for the [Macomb and Ogemaw] real estate was destroyed, as the theoretic unity of the spouses was

---

including a six-year absence. Defendant concedes in his brief on appeal that he was out of the country for extended periods beginning in the late 1990s.

destroyed, the marital relation terminated, and the estate by the entireties may not continue as such.

Defendant countered in his motion for summary disposition that the tenancies by the entirety remained intact, despite the probate court's previous ruling, and, therefore, sole ownership of the properties vested in him.

In a written opinion, the probate court agreed with defendant, reasoning that MCL 700.2801(2)(e)($i$) did not terminate the tenancies in the entirety, stating:

> After a review of all the pleadings submitted by each party, it is the opinion of this Court that the determination that Defendant is not the surviving spouse of Mrs. Mandeville pursuant to MCL 700.2801(2)(e)(i) does not terminate the tenancy by the entirety. Consequently, Defendant became the sole owner of the Real Property upon the death of Mrs. Mandeville. Pursuant to the terms of the Order, the determination that Defendant is not the surviving spouse of Mrs. Mandeville is limited to MCL 700.2801. MCL 700.2801(2) states that the application of subsection (2) is limited to intestate succession, spousal entitlements, and priority among persons seeking appointment as personal representative.

Subsequently, plaintiff filed an amended complaint, seeking contribution for decedent's maintenance of the properties during defendant's absence, including maintenance, tax, and mortgage costs.[4] Plaintiff alleged that decedent paid for all property-related expenses during defendant's extended absences, while defendant made no contribution whatsoever. Defendant again moved for summary disposition, arguing that plaintiff had failed to state a claim on which relief could be granted. The probate court granted the motion, ruling that a tenancy by the entirety "is held without regard to who provided a greater contribution . . . ."

---

[4] Around the time of decedent's death, defendant and decedent owed approximately $167,000 on the Macomb property's mortgage.

Plaintiff sought leave to appeal in this Court, which we denied "for lack of merit in the grounds presented." As previously noted, our Supreme Court, on reconsideration of plaintiff's application for leave to appeal in that court, directed us to consider "whether a contribution claim against the defendant, based on an unjust enrichment theory, is appropriate under the facts of the case." *Tkachik,* 480 Mich at 899.

## II. STANDARDS OF REVIEW

The probate court granted defendant's motion for summary disposition under MCR 2.116(C)(8) on the basis that plaintiff had failed to state a claim upon which relief may be granted. We review de novo the decision to grant or deny summary disposition under MCR 2.116(C)(8). *Maiden v Rozwood,* 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and allows consideration of only the pleadings. The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *MacDonald v PKT, Inc,* 464 Mich 322, 332; 628 NW2d 33 (2001) (citation omitted). Our Supreme Court directed us to address "the legal question whether a contribution claim against the defendant, based on an unjust enrichment theory, is appropriate under the facts of the case." *Tkachik,* 480 Mich at 899. We review questions of law de novo. *In re Jude,* 228 Mich App 667, 670; 578 NW2d 704 (1998).

## III. APPLICABLE LAW

For purposes of putting our analysis into context, we first address the rights a spouse enjoys in a property held as tenants by the entirety, as well as the doctrine of contribution.

## A. TENANCY BY THE ENTIRETY

A tenancy by the entirety is a type of concurrent ownership in real property that is unique to married persons. *Field v Steiner*, 250 Mich 469, 477; 231 NW 109 (1930). This type of concurrent ownership, which was adopted into our legal system from the English common law, is intended to protect the marital estate. See *United States v Craft*, 535 US 274, 279-282; 122 S Ct 1414; 152 L Ed 2d 437 (2002). "It is well settled under [Michigan] law . . . that one tenant by the entirety has no interest separable from that of the other . . . . Each is vested with an entire title . . . ." *Long v Earle*, 277 Mich 505, 517; 269 NW 577 (1936). In other words, the spouses are considered one person at law. Consequently, one spouse cannot alienate the property without the other spouse's consent, and each has the power to use the property and exclude others from it, as well as to profit from the property. MCL 557.71. In addition, and most significantly for the matter at issue, both spouses have the right of survivorship, meaning that in the event that one spouse dies, the remaining spouse automatically owns the entire property. MCL 700.2901(g); *Rogers v Rogers*, 136 Mich App 125, 134; 356 NW2d 288 (1984). Thus, entireties properties are not part of the decedent spouse's estate, and the law of descent and distribution does not apply to property passing to the survivor. *Rogers*, 136 Mich App at 134-135. Under Michigan law, a divorce will end a tenancy by the entirety, thereby creating a tenancy in common, which permits each spouse to obtain an equal share of the property that is devisable and alienable as each spouse wishes. MCL 552.102; *Budwit v Herr*, 339 Mich 265, 273; 63 NW2d 841 (1954).

## B. THE DOCTRINE OF CONTRIBUTION

Turning to the doctrine of contribution, our Supreme Court has noted that contribution is an equitable remedy based on principles of natural justice. *Lorimer v Julius Knack Coal Co*, 246 Mich 214, 217; 224 NW 362 (1929). "It is premised upon the simple proposition that equality is equity." *Strohm v Koepke*, 352 Mich 659, 662; 90 NW2d 495 (1958). Thus, "one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable . . . , is entitled to contribution against the others to obtain from them payment of their respective shares." *Caldwell v Fox*, 394 Mich 401, 417; 231 NW2d 46 (1975). Accordingly, "one who has paid more than his share of the joint obligation may recover contribution from his cocontractors." *Comstock v Potter*, 191 Mich 629, 637; 158 NW 102 (1916). In *Strohm*, 352 Mich at 662-663, the Court recognized the application of this doctrine to cotenants. Notably, there is no indication in *Strohm* that the property at issue was ever held as tenants by the entirety.

In the absence of an express agreement, a claim for contribution may be predicated on a theory of unjust enrichment, as plaintiff attempts to claim in the instant case. Unjust enrichment is defined as the unjust retention of "money or benefits which in justice and equity belong to another." *McCreary v Shields*, 333 Mich 290, 294; 52 NW2d 853 (1952) (quotation marks and citation omitted). In *Buell v Orion State Bank*, 327 Mich 43, 56; 41 NW2d 472 (1950), our Supreme Court stated, "No person is unjustly enriched unless the retention of the benefit would be unjust." The Court further provided: "One is not unjustly enriched, however, by retaining benefits involuntarily acquired which law and equity

give him absolutely without any obligation on his part to make restitution." *Id.* (quotation marks and citation omitted). Further, "[e]nrichment of [a person or entity] is not unjust if pursuant to the express agreement of the parties, fairly and honestly arrived at before hand." *Michigan Med Service v Sharpe*, 339 Mich 574, 577; 64 NW2d 713 (1954).

IV. SURVIVING SPOUSE'S LIABILITY TO DECEDENT'S ESTATE

Turning to the issue we must address on appeal, and in light of the legal doctrines explained above, it is plain that the recipient of an entireties property, the surviving spouse, is not unjustly enriched and is not subject to liability based on a contribution theory. Rather, defendant has only received that which was given to him by operation of law, without any obligation—ownership of the *whole* of both entireties properties. *Id.*; MCL 700.2901(g). By definition, this would include all previously incurred property-related expenses that either he or his decedent spouse paid. It follows, and we hold accordingly, that upon the death of one spouse, if the married couple owns property as tenants by the entirety, the decedent's estate cannot claim contribution from the surviving spouse as it relates to the property under a theory of unjust enrichment. Simply put, there is no inequity, nor any law, with which to force restitution from a surviving spouse who owns property as a tenant by the entirety.

A. MICHIGAN DIVORCE LAW

Plaintiff's application of Michigan divorce law, which requires equitable division of property upon divorce taking into consideration each spouse's contributions, is inapplicable to the facts of this case and is unavailing. Here, the parties were never divorced; in fact no divorce

or legal separation action was ever filed. Plaintiff urges us to conclude that given the apparent lack of communication between decedent and defendant, as well as defendant's absence in the 18 months preceding decedent's death, a "de facto" divorce was created and by operation of MCL 552.102[5] destroyed the tenancies by the entirety and triggered the opportunity to claim contribution. We decline to do so. We continue to adhere to the principle that a court is without jurisdiction to render a judgment of divorce, and thereafter distribute jointly held property, after the death of one of the parties. There must be living parties, or there can be no relationship to be divorced. *Tokar v Albery*, 258 Mich App 350, 355; 671 NW2d 139 (2003). In reality, plaintiff is seeking to create a new cause of action that would permit post-death property distributions in accordance with domestic relations law. This request for a new cause of action is merely based on the perceived inequities of this case. As such, it proffers purely a policy argument with no firm support from any legal authority. "[O]ur judicial role precludes imposing different policy choices than those selected by the Legislature . . . ." *People v Sobczak-Obetts*, 463 Mich 687, 694-695; 625 NW2d 764 (2001) (citation and quotation marks omitted).

### B. NON-MICHIGAN CASE LAW

Plaintiff argues and we note that our sister courts have come to different conclusions with respect to contribution for property-related expenses for entireties properties, but based on different reasoning.

---

[5] MCL 552.102 provides: "Every husband and wife owning real estate as joint tenants or as tenants by entireties shall, upon being divorced, become tenants in common of such real estate, unless the ownership thereof is otherwise determined by the decree of divorce."

Namely, when a husband and wife own property as tenants by the entirety, improvements or contributions made by one spouse to maintain or improve the property are presumed to be a gift to the other spouse. *Crawford v Crawford*, 293 Md 307, 311; 443 A2d 599 (1982); *Kratzer v Kratzer*, 130 Ill App 2d 762, 766-768; 266 NE2d 419 (1971). The recipient of a gift has neither incurred an obligation nor proffered any consideration as a result of accepting the gift. Under such circumstances, the spouse making the expenditure is not entitled to contribution from the other spouse because the expenditure is intended as a gift to the other spouse and, thus, no unjust enrichment has occurred. See *Crawford*, 293 Md at 311-313. A spouse can prove otherwise by clear and convincing evidence. *Klavans v Klavans*, 275 Md 423, 431-432; 341 A2d 411 (1975); *Kratzer*, 130 Ill App 2d at 767-768. This framework of analysis has led numerous courts to hold, however, that the presumption of a gift does not arise once a husband and wife have separated or are no longer living together, and consequently one spouse may be liable for contribution to the other for expenses made to maintain an entireties property. *Crawford*, 293 Md at 313; *Kratzer*, 130 Ill App 2d at 768-769; *Cagan v Cagan*, 56 Misc 2d 1045, 1047-1050; 291 NYS2d 211 (1968); *Heinemann v Heinemann*, 314 So 2d 220, 221-222 (Fla App, 1975).

In *Crawford*, the wife sought contribution for property-related expenses she incurred in connection with the entireties property after the parties had separated, but had not yet divorced. *Crawford,* 293 Md at 308-309. The lower court found that a presumption of a gift arose and, because the wife had failed to rebut it, the wife was not entitled to contribution. *Id.* at 309. The Maryland Court of Appeals ruled that the presumption of gift doctrine was not applicable to the facts of the case. *Id.* The court held that, "absent a showing of an

intention to make a gift, . . . a tenant by the entireties is entitled to contribution when he or she makes a payment, after the parties discontinue living together as husband and wife, which preserves the property and, therefore, accrues to the benefit of the co-tenant." *Id.* at 313.

Similarly, in *Cagan*, a New York supreme court upheld a wife's contribution claim for maintenance of the marital home, permitting her to collect from her husband payment for certain costs related to the property, even though the husband and wife held the property as tenants by the entirety. *Cagan*, 56 Misc 2d at 1047, 1049-1050. As in *Crawford*, the wife in *Cagan* sought contribution for expenditures she made after the parties separated. *Id.* at 1046-1048. The court reasoned that the presumption of a gift did not apply to the expenditures the wife made to maintain the property and, accordingly, equity entitled the wife to contribution. *Id.* at 1048-1050.

In *Kratzer*, the Illinois Appellate Court concluded that the husband was entitled to contribution from his wife for expenditures he made for the maintenance of property held as joint tenants after he and his wife began living separately, but had not yet divorced. *Kratzer,* 130 Ill App 2d at 763, 768-769. The court held that the presumption of a gift did not apply. *Id.* at 768-769. Florida's court of appeals came to the same conclusion in *Heinemann*, 314 So 2d at 221-222, in which a husband and wife acquired the marital property jointly. That court deemed the wife liable for contribution for payments the husband made on the property after their separation because the presumption of a gift did not apply. *Id.*

We stress, however, that the common thread in all these cases is that the husband and wife had separated,

whether legally or only in fact, and that both spouses remained alive. As a result of the marriage's de facto or apparent dissolution, these courts appear to have considered the property at issue, whether a divorce had been finalized or not, to be held as a de facto tenancy in common on the basis of the common conclusion that the presumption of gift doctrine did not apply. See *Crawford*, 293 Md at 308-313; *Kratzer*, 130 Ill App 2d at 763, 768-769; *Cagan*, 56 Misc 2d at 1048-1049; *Heinemann*, 314 So 2d at 221-222.

Although these authorities present an alternative framework of analysis, they are not binding on this Court and we will not adopt that framework here. See *Hiner v Mojica*, 271 Mich App 604, 612; 722 NW2d 914 (2006). In our view, this analysis is not applicable in the context of considering whether a decedent's estate is entitled to contribution from the surviving spouse for expenses the decedent spouse incurred in connection with an entireties property. The instant matter is factually distinct: The parties were never divorced, and although they lived their lives separately, there is no indication that they believed their marriage to be dissolved. And, as noted, the cases cited earlier were determined in the context of partitioning marital property between living spouses, not in the context of distributing a decedent spouse's estate after that spouse's death. Further, if we were to follow this line of cases, as plaintiff prompts us to, we would subvert the protective purpose of the tenancy by the entirety, as it would permit the state to pierce the marital relationship and divide property contrary to how the parties chose to hold the property. See *Craft, supra*; MCL 700.2901(g). Moreover, and just as importantly, we will not disturb the parties' right to contract to hold property during their lifetimes in such a way as they see fit.

As our Supreme Court stated in *Lober v Dorgan*, 215 Mich 62, 64; 183 NW 942 (1921):

> The parties themselves have provided for survivorship by agreement. The parties having so contracted, is there any valid reason why we should refuse to enforce their agreement? . . . There is nothing in the agreement which is immoral or against the public good.

As such, we decline to impute a tenancy in common to the parties in the instant case simply because defendant and decedent rarely had contact with one another and did not live together for the last 18 months of decedent's life. We will not interfere in the way spouses choose to conduct their marriage, and the manner in which they choose to hold property, absent a compelling state interest. No compelling state interest is presented here, particularly in light of the fact that neither chose to alter their marital status or to revise the manner in which they held their real property.

Plaintiff, citing *In re Keil Estate*, 51 Del 351; 145 A2d 563 (1958), further argues that the present matter is analogous to situations in which courts have compelled a decedent's estate to make restitution to a surviving spouse for jointly held obligations, such as a lien on an entireties property, on a theory of equitable contribution. While this situation is essentially the inverse of the present matter, i.e., the surviving spouse is entitled to contribution as opposed to the decedent's estate being entitled to contribution, we find this argument to be without merit for the reasons explained earlier. Moreover, we are not bound by precedent from foreign jurisdictions. *Hiner*, 271 Mich App at 612.

### V. CONCLUSION

In the present matter, defendant and decedent, while married, acquired two parcels of property, thereby cre-

ating tenancies by the entirety. Decedent contributed to the maintenance of the properties by paying the mortgage, taxes, insurance, and other property-related expenses while defendant was absent from the country for extended periods and allegedly made no contributions himself. However, because defendant and decedent remained legally married during their lifetimes, and did not consider themselves separated, defendant was not unjustly enriched when he received ownership of the entireties properties upon his wife's death. See *Buell*, 327 Mich at 56.

In light of the facts of this case, and the purposes of the tenancy by the entirety and the equitable doctrine of contribution, it is our view that it would be imprudent not to perpetuate the indivisible estate created by spouses when they jointly obtain property in their capacity as husband and wife. What plaintiff has tried to do in this case—divide the entireties properties—is tantamount to a posthumous divorce. Michigan law does not recognize such an action. Accordingly, we reject the invitation to invent a claim by which a decedent spouse's estate can sue the surviving spouse for contribution for expenses related to an entireties property under a theory of unjust enrichment. The trial court's grant of summary disposition for defendant was proper.

Affirmed.